### Aaron Phillips *vs.* Sarah G. Allen.

A tenant for life is liable to account for the value of trees wrongfully cut by him from the estate, with interest from the time when they were cut; and is not entitled, when held to account for their value, to deduct sums expended in procuring from other sources wood to be used for fuel upon the premises; and the fact that the new growth upon the land is as valuable as the increased growth of the trees which were cut would have been is immaterial.

BILL IN EQUITY to compel a trustee, who was also a tenant for life, to account for and pay over moneys received as the proceeds of trees wrongfully cut and sold from the estate.

After the demurrer to the bill had been overruled, (5 Allen, 85,) and an answer filed, the case was submitted to a master, who reported the value of the trees cut by the defendant, and reckoned interest thereon from the time when they were cut, and allowed a deduction for an amount which he found to have been reasonably expended by her in procuring wood from other sources, to be used for fuel upon the premises. He also found that the new growth upon the land was as valuable as the increased growth of the trees which were cut would have been. The plaintiff alleged exceptions to the master's report.

*G. F. Hoar*, for the plaintiff, cited *Clark* v. *Holden*, 7 Gray, 8, and cases cited; *White* v. *Cutler*, 17 Pick. 248, and cases cited; *Miller* v. *Congdon*, 14 Gray, 114, 118; *Kidd* v. *Dennison*, 6 Barb. 9; *Morehouse* v. *Cotheal*, 2 Zabr. (N. J.) 521.

*P. C. Bacon & H. B. Staples*, for the defendant, cited *Lee* v. *Alston*, 1 Ves. Jr. 78; S. C. 3 Bro. C. C. 37; *Wickham* v. *Wickham*, Cooper, 288; *Sarles* v. *Sarles*, 3 Sandf. 601; *Loomis* v. *Wilbur*, 5 Mason, 13, 16; *Luther* v. *Winnisimmet Co.* 9 Cush. 171.

DEWEY, J. The wood and timber when severed at once became the property of the plaintiff, as the person holding the estate in remainder. *Clark* v. *Holden*, 7 Gray, 8. The value at that time is the sum to be assessed for damages sustained by the waste committed by the tenant for life. In analogy to cases of conversion of personal property, it would be proper to add interest on the value of the wood and timber from the time it was unlawfully taken by the defendant. It is true that the plaintiff had no right to the standing trees, or any profits arising therefrom, during the continuance of the life estate, and it is only by the illegal acts of the tenant for life that any such claim exists. But by such acts the right to the timber and wood thus cut vested at once in the plaintiff, and to the amount in value of this property the ordinary interest should be added in assessing the damages to the present time.

We cannot see how the fact that the master has found that the new growth now upon the land is as valuable as the increased growth of the trees which were cut would have been,

should exclude the allowance of interest on the value of the wood and timber cut.

If the plaintiff's claim was that of damages for the loss of the advance in value that would have taken place by the growth of the trees, this finding of the master might have been an answer to the claim. But the interest claimed is only the interest of the actual value of wood and timber, as it was at the time it was cut and taken away.

The further inquiry is, whether the tenant for life is entitled to be allowed for the sum expended by her in supplying her fires from other sources, when she might have taken wood for that purpose from these premises. This claim seems apparently to present so much equity as to justify the allowance, unless the same is forbidden by the well settled rules of law.

In looking at the question, it is necessary to recur to the precise nature of the interest of the tenant for life in these premises. Her right was to have reasonable estovers, under which may be included firebote, or the necessary fuel for the convenient use of her life estate. But this right of taking wood is a very restricted one. It is merely a right to take wood to be used and consumed upon the estate. The cutting of wood for sale to be used elsewhere is not permitted. *White* v. *Cutler*, 17 Pick. 248. *Elliot* v. *Smith*, 2 N. H. 430. *Cook* v. *Cook*, 11 Gray, 123.

In *Padelford* v. *Padelford*, 7 Pick. 152, this court held that the cutting of oak trees for fuel was not waste, but that it was no justification for cutting and selling such trees that the party took firewood in exchange to an amount as great as the trees would have made, if used for that purpose. It was assumed by the court that had those trees been used as a part of the necessary firewood on the premises, no cause of action would exist. But the tenant is not to sell tne trees to carry away. The principle here adopted would seem to govern this case as to the point we are now considering. The court there held that the fact that firewood of equal quantity was brought upon the premises by the application of the avails of the oak trees was no answer to the claim for damage.

This is substantially what is asked here ; that is, the defendant

would show that the estate has been benefited by firewood brought from other sources to the amount of what might reasonably and rightfully have been used from the premises. The difficulty in sustaining this view is, that the right of the tenant to firebote is a limited one, and only extends to what is reasonably necessary for use upon the premises. If the party elects to supply himself with firewood from other sources, he waives all claim for any supply for the time being from the premises. Finding no necessity to use the same, or preferring to be supplied elsewhere, his right to firebote for that period is lost. All, therefore, that he cuts and carries from the premises and sells is without right, and he is chargeable therefor.

The result is, that no deduction can be made from the estimated damages for wood obtained by the tenant from other sources.