# THE OHIO SUPREME COURT

### Continued from Page 197

Continued from Page 197

17763—The Mason Tire & Rubber Co. v. John N. Lansinger. Motion for an order directing the court of appeals of Portage country to certify its record. Sustained.

17774—In the matter of the contempt of court of Ross M. Hampshire. Motion for an order directing the court of appeals of Knox county to certify its record. Overruled.

17778—Nannie H. Wright v. A. G. Moore, Admx. Motion for an order directing the court of appeals of Lawrence county to certify its record. Overruled.

17779—Thomas J. Williams v. Clarence P. Johnson. Motion for an order directing the court of appeals of Columbiana county to certify its record. Overruled.

17782—Grant De Witt and Jack De Witt v. the State, on relation of C. C. Crabbe, attorney general, on behalf of Mrs. Hoyt M. Hurley. Motion for an order directing the court of appeals of Fayette county to certify its record. Sustained.

17782—Grant De Witt et al v. the State, ex rel C. C. Crabbe, attorney general, on behalf of Mrs. Hoyt Hurley. Motion by defendant to dismiss petition in error filed as of right. Overruled.

17783—Andrew B. Buchanan v. John U. Buchanan et al. Motion for an order directing the court of appeals of Mahoning county to certify its record. Overruled.

17788—Peter Tomko v. the Standard Oil Co. Motion for an order directing the court of appeals of Cuyahoga county to certify its record. Motion withdrawn by plaintiff in error.

---

### No. 155

### SCHRAM v. CINCINNATI

Ohio Supreme Court

No. 17198, June 27, 1922

RES ADJUDICATA—(1) Agreed statement of fact as special verdict—(2) Application of doctrine of res adjudicata.

Error to Court of Appeals, Hamilton County

### EPITOMIZED OPINION

MARSHALL, C. J.:

As a result of a change in the grade of a certain street in Cincinnati, in 1909, Schram's property was injured by interference with ingress and by removing lateral support from the lot. In 1912, suit was brought for damage on both counts and judgment was rendered for Schram, although the trial judge erroneously instructed the jury to disregard one of the elements as a basis for damage. Schram denies that the causes of action are the same and upon a demurrer to the reply, an agreed statement of facts was drawn up by the parties and submitted to the trial court. Held:

1. When parties to an action submit an agreed statement of facts to the court, after the cause is submitted on a demurred to a reply, the statement of facts will be considered as a special verdict and the court may dispose of the case.

2. When a suit for damages pleads one cause of action involving two elements of damages and the court erroneously rules that one is improper and

the jury being so instructed gives judgment for the plaintiff, if no error is prosecuted therefrom, the doctrine of res adjudicata applies.

Attorneys—H. P. Goebel, for Schram; Stul Zielonka and F. K. Bowman, for Cincinnati.

---

### No. 156

### STATE EX. REL. CHUTE v. MARSHALL, Chief

Justice

Ohio Supreme Court

No. 17471, June 20, 1922

DISQUALIFICATION OF JUDGES—(1) Jurisdiction of chief justice in determining—(2) Hearing necessary in determining—(3) Affidavit not conclusive of.

### EPITOMIZED OPINION

BY THE COURT:

Chute filed an affidavit in the common pleas court of Perry county stating that he is the defendant in a case now pending in that court and that Hon. Thos. D. Price, judge of said court, is prejudiced against Chute and in favor of counsel for the State. The affidavit was filed with the clerk of courts of said county who notified the chief justice, but the latter refused to assign another judge to take the place of said Thos. D. Price. Chute seeks a writ of mandamus requiring the chief justice to assign another judge to preside. Held:

1. According to Sec. 3, Art. IV, of the Constitution of Ohio, the chief justice of the supreme court has power to pass upon the disqualification of any common pleas judge and may assign another judge to take the place of one so disqualified.

2. Construed with 2253-1 GC., 1687 GC. is found to mean that the chief justice shall give the question of disqualification of a judge a hearing, his expenses in performing such duties being paid by the State.

3. The affidavit filed with the clerk of courts is not conclusive proof of the disqualification although Sec. 1687 GC. construed alone might give rise to such a belief.

Attorneys—C. S. Druggan. T. M. Potter, and J. L. Meenan, for Chute.

---

### U. S. COURT OF APPEALS

(Continued from Page 195)

(Continued from Page 195)

him this is extinguished where purchaser makes lease to the vendor to the satisfaction of the vendor's claim.

8. Without jurisdiction of a person, the court can only decree rescission of a contract to the extent that the title to the property involves the same.

Attorneys—Geo. E. Brand and U. S. Bratton of Detroit, Mich., and Harold W. Fraser, Toledo, for petitioners and appellants; Geo. D. Welles, Toledo (Tracy, Chapman & Welles, on brief), for respondent and appellee.