No. 967

CARPENTER v. ORDER OF RAIL. CONDUCTORS

Ohio Appeals, 1st Dist., Hamilton Co.

No. 2529. Decided May 25, 1925

1235. VERDICT—When case is submitted upon an agreed statement of facts, such statement governing any issue should be treated as a special verdict, leaving to the court only the determination of the law applicable to a special verdict.

BUCHWALTER, P. J.

This action was brought by Harry L. Carpenter against the Order of Railway Conductors of America, in the Hamilton Common Pleas to recover $2000 under what was claimed to be an insurance policy issued to him as a member of the Order. Carpenter claimed that he received an accidental injury to his left leg so that he will be incapable for the rest of his life, to do any work in railway service; and that he was so permanently disabled as to be incapable of properly supporting his family; that he applied to the defendant for payment under his certificate of membership and that his application was rejected.

The Order averred that under Article 19 of the laws governing the Order, it was discretionary with the officers to grant benevolence, and having refused to do so, the action of the Insurance Committee in upholding this refusal is not subject to further review. Carpenter claimed his right to proceed in an action at law to enforce his claim. A jury having been waived, the cause was submitted to the court and judgment entered for the Order. Error was prosecuted to the Court of Appeals to reverse this judgment and it was held:

1. The real question is, did Carpenter's certificate of membership and the by-laws governing the order form a contract of insurance, as claimed by him; or was the payment under an application for an injury of the nature only a benevolence, the giving of which was solely discretionary with the officers of the Order?

2. The certificate of membership provides that it is "but evidence of membership in the said Mutual Benefit Department; and that it in no sense and at no time promises or agrees to anything that is not dependent at all times upon the laws of said Mutual Benefit Department, as they may legally be adopted from time to time."

3. Though some of the proof offered by Carpenter might not show a permanent disability, the case was submitted upon an agreed statement of facts which stated therein that Carpenter was so permanently disabled as to be incapable of properly supporting himself and dependents, and the agreed statement will be taken as it is found.

4. "Counsel - - - - will be held to an observance of the well established rule that an agreed statement of facts governing any issue should be treated as a special verdict, leaving to the court only the determination of the law applicable to a special verdict." Schraz v. Cincinnati (City), 105 OS. 324 at page 327.

5. The question of law to be determined was whether Carpenter was entitled to insurance or whether it was discretionary with the board to grant or withhold a benevolence. If it was a benevolence, then the action of the Board and the Insurance Committee would be final.

6. Nowhere in article 19 does it state that it is a benevolence; and payments made under this article are referred to as insurance, and not as charity or benevolence.

7. From Article 19 itself, the Benevolence Board is to decide on the sufficiency of the proofs and the claim and what shall constitute a permanent disability shall rest within the discretion of and be determined by said board.

8. Upon the agreed statement of facts, Carpenter had suffered such a permanent disability as is contemplated by the provisions of Article 19, and said provision is for insurance and not for charity.

9. Carpenter had the right, under the conditions, to submit the question to the courts after he had exhausted all the remedies provided for by the rules of the Mutual Benefit Department. B. & O. v. Stankard, 65 OS. 224.

10. As the facts are admitted, judgment will be rendered which the Court below should have rendered, that is in favor of Carpenter for the amount prayed for in his petition.

Judgment reversed.

Attorneys—Thomas L. Michie and Frank L. Bonham for Carpenter; Nichols, Morrill, Stewart and Ginter; and Grimm, Wheeler, and Elliott for Order; all of Cincinnati.