## No. 839

### PRITZ v. MESSER et

No. 19299. Supreme Court

On motion to certify. Dock. July 30, 1925; 3 Abs. 482.

327. COURTS—When affidavit of prejudice is filed against judges of Court of Appeals, may they order it stricken from files and proceed in the case without a hearing by the Chief Justice of the Supreme Court?

187. BUILDINGS—Are provisions of Cincinnati Building Code mandatory or may Commissioner exercise discretion in issuing a permit on plans and specifications alleged not in compliance with such provisions?

This is an action by Emelia Pritz against Frank Messer et al. arising out of the same controversy heard by the Supreme Court against Messer in which it was determined that the Cincinnati Zoning ordinance was valid and that Mrs. Pritz in her individual capacity had the right to bring the suit, but refused to disturb the judgment of the Court of Appeals on the ground that the journal entry was general, and found all issues in favor of Messer, one of them being the validity of the building permit which it was held there was ample evidence to sustain.

It is claimed that the question on that issue is one of law as to the meaning of the Cincinnati Building Code, it being further claimed that the plans and specifications filed in order to obtain the permit contained violations of the Building Code, as well as being lacking in vital information. It is said that the issues in this case are different than those presented in the former case.

The Hamilton Common Pleas decided in favor of Pritz. The Court of Appeals suspended the injunction granted against Messer from proceeding with the building, without hearing any evidence. On hearing, before argument, Pritz filed an affidavit of bias and prejudice. The court however, ordered that said affidavit be stricken from the files and placed of reco' their separate findings of fact and conclusion of law and judgment entry. The case is in the Supreme Court on motion to certify.

It is contended by Pritz that under 1526 and and 1527 GC. the Court of Appeals could order no further motion until the Chief Justice of theSupreme Court had passed on the question of bias. It is claimed that the Court of Appeals in advance of the hearing, had prejudged Pritz's cause without having considered evidence or heard arguments of counsel; and Pritz could not act upon suspicion of prejudice which she had before hearing, but was helpless until she had proof of prejudice at and after hearing. "The provision of the constitution that the Chief Justice shall pass upon the disqualification or disability necessarily presupposes a hearing upon the charges filed." State ex v. Marshall, 105 OS. 320.

It is claimed that Pritz as a taxpayer had a right to bring this suit under 4311 GC. et seq., it being urged that this action, among other things, is one to prevent the abuse of corporate powers, the regulation of buildings under 3636 GC. being recognized as one of the corporate powers of Cincinnati.

It is urged that the provisions of the Building Code as to the issuance of permits are mandatory and the building commissioner had no right to issue a permit based on plans and specifications which failed to comply with the Code. It is claimed that in the former Pritz case, the Supreme Court assumed that the Court of Appeals as the former trial had found the building permit valid and because of this assumption refused to change such finding as a matter of law.

Pritz contends that the former decision is not res adjudicata and submits the following to sustain her contention. That the Court of Appeals in its journal entry said that the Supreme Court's former decision "establishes the law of the case." It is claimed that "the law of the case" applied only to the very case in question after one or more reversals by an appellate court. It is further claimed that this phrase would not apply to a case in which the former finding was not res adjudicata when the question decided was not one of law, but one of fact and when the records in the two cases were entirely different. Gohman v. St. Bernard, 111 OS. 726.

Attorneys—Robert P. Goldman for Pritz; Saul Zielonka and Heintz & Heintz for Messer et; all of Cincinnati.

Note—Former OS. Pend. case will be found in 3 Abs. 165.