Matthias, J.,
 

 dissenting. I cannot concur in the conclusion that the judgment in this case is a nullity. The conclusion is based upon the proposition that a judge is without jurisdiction to preside in the trial of a ease if an affidavit has been filed by a party charging said judge with having bias or prejudice. This court has heretofore held that such affidavit is not conclusive proof of disqualification.
 
 Duncan, Supervising Judge,
 
 v.
 
 State, ex rel. Brown,
 
 82 Ohio St., 351, 92 N. E., 481;
 
 State, ex rel. Chute,
 
 v.
 
 Marshall, Chief Justice,
 
 105 Ohio St., 320, 137 N. E., 870. In the latter case it was held that the Chief Justice of the Supreme Court is authorized to pass upon the question of disqualification or disability.
 

 The statute requires-that such affidavit “shall be filed not less than three days prior to the time set for the hearing in such matter or cause.” The obvious purpose of such provision is to avoid delay in the trial of a case and preclude the procurement of a postponement of trial by the simple expedient of filing an affidavit of prejudice. The party must act within the time prescribed to avail himself of the privilege accorded by the statute. I do not concur in the proposition that the defendant was relieved from such requirement because of the fact that
 
 *221
 
 there were five common pleas judges in Montgomery county and it could not be known with certainty three days in advance of the trial to which of the judges the case would be assigned. The court cannot read into this statute a proviso that it shall have no application in counties having more than one judge. It is of practical application even in such counties. The right or duty of a party under the statute is not affected by the number of trial judges available. If any one of the judges to whom a case may be assigned is believed by a party to be disqualified from hearing such case on any of the grounds stated in the statute, full and ample opportunity is afforded to present that question. The reasons assigned for defendant’s failure to comply with the requirements of the statute did not warrant the holding that his affidavit of bias and prejudice is conclusive upon that question.
 

 The defendant withdrew from the courtroom and refused to participate in the trial of the case. He offered no evidence to support the charge made in his affidavit. The defendant should have proceeded with the trial of his case after adducing or tendering for the record evidence supporting his complaint in the manner suggested in the case of
 
 Moore
 
 v.
 
 State,
 
 118 Ohio St., 487, 161 N. E., 532. If the ease had resulted in his favor on the merits, he then, of course, would have no cause for complaint.
 

 The only theory upon which the judgment can be held to be a nullity is that the defendant was denied the constitutional right of due process of law. In my opinion the statute in question, fully applied and enforced, does not result in the denial of such right. The defendant voluntarily waived
 
 *222
 
 the remedy which the statute afforded him. The judgment should be affirmed.
 

 Day and Allen, JJ., concur in the dissenting opinion.