## FOWLS, Admrx, et v AKRON (city)

Ohio Appeals, 9th Dist, Summit Co
No 1831.  Decided Feb. 3, 1931

Musser, Kimber & Huffman and C. I. Parlett, all of Akron, for Fowls.

A. B. Underwood, Dir of Law and Alva J. Russell, Asst Dir of Law, both of Akron, for City.

**PARDEE, J.**

The two sections of the civil code now in full force and effect and which relate to the matter under consideration, are the following, to-wit:

"Sec. 11397 (formerly R. S. 5144). Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party."

"Sec. 11235 (formerly R. S. 4975). In addition to the causes which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto."

Both of these sections are amendments of the laws theretofore in force and hereinafter set out, and were enacted at the same time by the general assembly, on April 5, 1893 (90 O. L., pp. 139 and 140).

These two sections relate to two different subjects: (a) one dealing with the **abatement of actions or proceedings,** and (b) the other with the **survival of causes of actions.**

The action started in the Court of Common Pleas in the instant case was based upon **3714 GC** which reads in part as follows:

"Municipal corporations shall have special power to regulate the use of the streets, * * * sidewalks, * * within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

and by the decision of the Supreme Court in the case of **Cardington v. Fredericks, 46 Oh St 442,** was one for a nuiasnce and abated upon the death of the original plaintiff; the syllabus in said case being the following, to wit:

"An action against an incorporated village founded upon a petition alleging in substance that a street much used by the citizens and the public, was so unskillfully and negligently constructed and left by the defendant as to be in an unsafe and dangerous condition, and allowed to become out of repair and obstructed by the rubbish and refuse of the village, so that it was highly dangerous, and that the plaintiff, while lawfully passing along the street, accidentally and without fault or negligence on her part, was precipitated down an embankment, whereby she was greatly bruised and injured, for which damages she asks judgment, is an action 'for a nuisance' within the meaning of section 5144, Revised Statutes, and abates at the death of the party injured."

See also—

**City of Cincinnati v. Darby, Admr., 5 N. P. (N. S.) 216, 18 O. Dec. 253;** affirmed without report, **80 Oh St 733.**

As was said by Judge Donahue in his opinion in **97 Oh St 98,** at pp. 101 and 102:

"Under the rule of the common law, the only causes of action that do not survive the death of either party are causes of action **ex delicto.**

* * *

"At common law all pending actions abated by the death of either party, regardless of the fact that the cause of action might survive. Where the cause of action did survive, it was necessary

to bring a new action."

At the time the case of Cardington v. Fredericks, supra, was decided, in the year 1889, the law as to abatement of actions read as follows, to wit:

"Sec. 5144, R. S. (now **11397 GC**). Except as otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except an action for libel, slander, malicious prosecution, assault, or assault and battery, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party."

It will be observed that by said amendment hereinbefore referred to, actions for "assault, or assault and battery" were taken out of the exceptions contained in said original section, and are placed in the class of actions which do not abate; but actions for a nuisance were left in the class of actions which do abate upon the death of either party, as decided by the Supreme Court in the case of Cardington v. Fredericks, supra.

The law providing for the survivorship of causes of action read at that time as follows:

"Sec. 4975, R. S. (now **11235 GC**). In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

It will be noticed that by said amendment hereinbefore referred to, a cause of action for an injury to the person was added to those causes of action which survive; but the general assembly has not as yet provided that an action for a nuisance does not abate by the death of either party to said action, even though the nuisance may cause an injury to the person and the cause of action itself survives.

Our attention has been directed to **11401 GC**, which provides—

"If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatives or successor."

but inasmuch as the lawmaking body has expressly declared that an action for a nuisance shall abate upon the death of either party, this provision, taken in connection with other sections of the General Code upon the same general subject, must be limited to and held to apply to those actions which do not abate and where the cause of action survives.

We being of the opinion that the action started in the Court of Common Pleas abated upon the death of the plaintiff, the judgment of that court is affirmed.

Funk, PJ, and Washburn, J, concur.