DeRAN *v.* STAHL, RECR.

(Decided November 6, 1934.)

*Mr. Hal C. DeRan,* for plaintiff in error.
*Messrs. Stahl, Stahl & Stahl,* for defendant in error.

GUERNSEY, J.   At the trial of this case in the Court of Common Pleas of Sandusky county, Ohio, the plaintiff in error, Hal C. DeRan, who was defendant below, objected to the Honorable A. F. Allyn, judge, trying the case, under the state of the record, the objection being based on the contention that as the defendant below had filed an affidavit of bias and prejudice against the said Judge Allyn, the filing of such affidavit automatically disqualified the said Judge Allyn from trying the case.   The affidavit mentioned is included in the original papers in the case, and from the transcript filed in this court it appears that an entry was made under date of April 28, 1934, showing that the matter was heard upon said affidavit, the opening statement of counsel, and the evidence adduced before the Chief Justice of the Supreme Court of Ohio, and that on consideration thereof the Chief Justice found that the charge contained in the affidavit had not been sustained, whereupon an order was made dismissing the affidavit at costs of the affiant.

In the case of *State, ex rel. Chute,* v. *Marshall, Chief Justice,* 105 Ohio St., 320, 137 N. E., 870, it was held that the question of bias and prejudice, under the Constitution and statutes of Ohio, is to be heard and

passed upon by the Chief Justice of the Supreme Court. As the Chief Justice of the Supreme Court had passed upon the question in the instant case and found that the charge contained in the affidavit had not been sustained, his adjudication was final, the objection to the jurisdiction of the trial judge was not well taken, and the overruling of said objection was not erroneous.

At the close of the evidence of plaintiff below, and after plaintiff had rested, the defendant below made a motion for a directed verdict. Before the trial court in any way indicated what the ruling would be on such motion plaintiff below made a motion to dismiss the petition without prejudice, and to dismiss the case, which motion was allowed by the trial court. It is contended by plaintiff in error that the court erred in allowing said motion to dismiss the petition, and also in allowing the motion to dismiss the case. Plaintiff in error relies on the decision in the case of *Jacob Laub Baking Co.* v. *Middleton,* 118 Ohio St., 106, 160 N. E., 629, as authority for the proposition that it was error for the court to grant the motion of plaintiff below to dismiss his cause.

Section 11586, General Code, among other things, provides:

"An action may be dismissed without prejudice to a future action:

"1. By the plaintiff, before its final submission to the jury, or to the court, when the trial is by the court;".

In applying this section in the decision above mentioned, the court held in the first paragraph of the syllabus:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of Section 11586, General Code. After such submis-

sion and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant.''

It will be noted that this holding is based on the condition that after such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his case dismissed without prejudice over the objection of the defendant, and the court does not hold that the submission of the motion is a *final* submission within the meaning of such section until such motion has been acted upon by the court. In that case, prior to the making of the motion to dismiss, the court held that the motion to direct a verdict should be allowed. And in the case of *Turner* v. *Pope Motor Car Co.,* 79 Ohio St., 153, 86 N. E., 651, which was followed in the *Laub case, supra,* the motion to direct a verdict had been sustained before the motion to dismiss was made. In the case at bar the court had not in any way indicated its conclusion on the motion to direct a verdict before the motion to dismiss the case was made, and consequently the decision in the *Laub case, supra,* is not applicable to the facts of the instant case. We therefore hold that as the court, prior to the making of the motion to dismiss the case, had not in any way indicated its conclusion on the motion to direct a verdict, or its intention to sustain the same, the motion to direct a verdict was not a final submission of the case within the meaning of Section 11586, General Code, and it was not error for the court to grant the motion to dismiss.

It is contended by plaintiff in error that as he had filed an answer and cross-petition in the case it was error for the court to dismiss the whole case, including the cause of action pleaded in his answer and cross-petition.

An inspection of the pleadings shows that the cause of action in the petition is based solely on an alleged

tort of the defendant below in converting to his own use the proceeds of a check alleged to be the property of the corporation of which the plaintiff below is receiver. In the answer and cross-petition a cause of action for debt claimed to be due to the defendant below from the corporation of which plaintiff below is receiver is pleaded, and the cross-petition on its face shows that the cause of action pleaded did not arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, and is not connected with the subject of the action.

Under the provision of Section 11314, General Code, an answer shall contain: first, a general or specific denial of each material allegation of the petition controverted by the defendant; second, a statement in ordinary and concise language of new matter constituting a defense, counterclaim or set-off; third, when a defendant seeks affirmative relief therein, a demand for such relief.

Section 11317, General Code, defines a counterclaim as a cause of action existing in favor of a defendant against a plaintiff or another defendant, or both, between whom a several judgment might be had in an action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action.

Section 11319, General Code, provides: "A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract."

As the cause of action set forth in the cross-petition did not arise out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, and as such cause of action was not connected with the subject of the action, such cause of

action was not a counterclaim within the meaning of Section 11317, General Code. And as the petition in this action stated a cause of action based solely on tort, the cause of action pleaded in the cross-petition was not available to the defendant below as against the petition, as a set-off can be pleaded only in an action founded on contract. As the cause of action set forth in the cross-petition constituted neither a counterclaim nor set-off, it could not be pleaded in an answer under the provisions of Section 11314, General Code. The motion to dismiss the case raised the question of the sufficiency of the cross-petition, and as the cause of action pleaded therein was not available to the defendant below in said action, the answer and cross-petition of the defendant below was properly dismissed.

As the case of the plaintiff below was properly dismissed on his own motion, the question as to whether the court erred in striking the plea in abatement of defendant below from the files becomes a moot question, as the striking of the plea from the files could not result in any prejudice to defendant below.

However, it may be well to observe that under the provisions of Section 11303, General Code, which provides for "the only pleadings in civil actions", a plea in abatement is not included in the pleadings specified, and that in the case of *Koogler et al., Trustees,* v. *Koogler,* 127 Ohio St., 57, 186 N. E., 725, relied on by plaintiff in error, the plea in abatement was demurred to and for the purposes of such demurrer was treated for all intents and purposes as an answer, the allegations in such plea as well as in any plea in abatement being available by way of answer under the provisions of the code relating to pleading, and that the syllabus, which establishes the law of the case, does not either directly or inferentially treat of or approve the filing of such a plea.

Finding no error prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

*Judgment affirmed.*

CROW, P. J., and KLINGER, J., concur.

Judges CROW, KLINGER and GUERNSEY, of the Third Appellate District, sitting by designation in the Sixth Appellate District.