WEST et al. v. AMERICAN TEL. & TEL. CO.

AMERICAN TEL. & TEL. CO. v. WEST et al.

Nos. 8140, 8141.

Circuit Court of Appeals, Sixth Circuit.

June 25, 1941.

Harry L. Deibel, of Cleveland, Ohio, for Chas. Peyton West et al.

William B. Cockley, of Cleveland, Ohio, for American Tel. & Tel. Co.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

Upon the former hearing of these cases (6 Cir., 108 F.2d 347), this court held that recovery must be denied, as the plaintiffs' bill was not timely filed, and therefore the court did not consider the questions of res judicata, acceleration of remainder, and measure of damages. The Supreme Court reversed the decision of this court (311 U. S. 223, 61 S.Ct. 179, 185, 85 L.Ed. 139, 132 A.L.R. 956), and remanded the case for decision upon these points as "involving questions of state law."

Prior to the filing of their bill in equity in the federal court, the plaintiffs, who under the will of their father held interests as remaindermen in the stock involved in this suit, had instituted an action at law in the state court against the defendant, claiming conversion of the stock, and had recovered a judgment which was later reversed by the Court of Appeals of Cuyahoga County, Ohio, upon the ground that in the absence of demand made against the corporation for the return of the stock certificate or other stock of equal par value, no cause of action existed. Judgment was entered for the defendant in the Court of Appeals, and motion to certify the record in the Supreme Court of Ohio was denied, so that the judgment of the Court of Appeals remains in full force and effect. West v. American Telephone & Telegraph Co., 54 Ohio App. 369, 7 N.E.2d 805. The defendant urges that the final judgment in its favor is res judicata of this controversy because the identical facts alleged in the state court action as to the conversion of the stock by the stepmother and aunt of the plaintiffs, life tenant and executrix under their father's will, and the issuance of stock to the life tenant, and later to the purchaser from the life tenant by the defendant, in disregard of plaintiffs' rights as remaindermen, are set forth in this action as a ground for recovery. The plaintiffs contend that the case was decided in the Ohio Court of Appeals upon a procedural point only, namely, that demand was not pleaded or shown, that the decision was not upon the merits because it rested upon the insufficiency of the petition and the evidence, and hence does not bar this action.

The District Court, while recognizing the identity of parties, held that because of the difference in subject-matter the judgment in the state court did not bar the present action. It considered that as no demand had been made when the proceedings were instituted, demand was not and could not have been pleaded or proved in the former case. Accordingly the court concluded that the evidence in the former action would not have sustained the allegations in the present case, and that the identity of causes of action necessary to sustain the plea of res judicata was wanting.

With this conclusion we are in accord. It follows the long-established law of Ohio that if a plaintiff fails in one action because of omission to allege a material fact, he is not concluded from maintaining a subsequent action in which the missing fact is supplied. Schram v. City of Cincinnati, 105 Ohio St. 324, 137 N.E. 868; Rafferty v. Toledo Traction Co., 1 Ohio Cir.Ct.R., N.S., 538, affirmed, 71 Ohio St. 497, 74 N.E. 1142; Moore v. Dunn, 41 Ohio St. 62; McGatrick v. Wason, 4 Ohio St. 566. In such cases the Ohio courts have held that the earlier judgment determined only that the facts alleged were not sufficient to constitute a cause of action. The rule has been

applied even where the missing fact was in existence at the time of the earlier action and could have been supplied by simple amendment. Moore v. Dunn, supra. A fortiori, the same result is required here where the missing fact was not in existence at the time of the state court suit.

█ It follows that the case of Quinn, Aud. v. State, ex rel. Leroy, 118 Ohio St. 48, 160 N.E. 453, relied upon by defendant as authority for sustaining the plea of res judicata, is not in point. The "very subject-matter" of the suit before the court in that case, namely, the legality of the contract made by the commissioners of Perry County, Ohio, was the matter in issue in the earlier suit. The proposition there stated, that the rule of res judicata applies not only to what was determined in a former action, but also to every other question which might properly have been litigated, is not pertinent here, for the subject-matter of the federal suit could not be litigated until demand had been made. The necessity for a demand is now settled by the decision of the Supreme Court. West v. American Telephone & Telegraph Co., 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956.

█ It remains to be considered whether the plaintiffs' remainder interest in stock disposed of under the will of their father was accelerated by the tortious transfer of the stock on November 4, 1929, by their stepmother and aunt, who is life tenant under the will, and is still living. In their bill plaintiffs pleaded that the transfer was made under the law of Massachusetts, and that under this law an acceleration was effected, citing in support of their contention Phillips v. Allen, 7 Allen 115, 89 Mass. 115; Leonard v. Stickney, 131 Mass. 541, and United Shoe Machinery Co. v. Holt, 185 Mass. 97, 69 N.E. 1056. These decisions, however, do not support the claim of the plaintiffs that a life tenant of corporate stock who assigns the stock thereby forfeits the life estate, and that they are hence entitled to issuance of the 92 shares of stock in their names, to an accounting for all dividends paid thereon since November 4, 1929, with interest, and to additional damages. The Phillips case involved a forfeiture for waste in the cutting of trees upon real property by the life tenant. The Leonard case was a case of wrongful removal of fixtures, and the United Shoe Machinery Co. case involved a sale of property by a bailee without au-

thority. While the transfer to the innocent purchaser here was made by the life tenant in Massachusetts, the Massachusetts G.L.(Ter.Ed.) c. 184, § 9, provides that a conveyance by a tenant for life or years which purports to grant a greater estate than he possesses or can lawfully convey, shall not work a forfeiture of his estate, but shall pass to the grantee all the estate which such grantor can lawfully convey. We agree with the District Court that acceleration of the remainder would amount to a forfeiture of the life estate, which is forbidden by the statute and by the principles of equity, for it is axiomatic that equity does not favor forfeitures. Marshall v. Vicksburg, 15 Wall. 146, 149, 21 L.Ed. 121. Since the plaintiffs have seen fit to file a bill for equitable relief, they cannot complain that equitable principles are applied against them.

The plaintiffs rely upon Allen, Extr. v. Globe Ins. Co., 19 Wkly.Law Bul. 198, a case arising in the Superior Court of Cincinnati and affirmed by the Supreme Court of Ohio without report. That case involved a tortious transfer of stock, and held that the company which caused the unauthorized transfer was bound to return the same or an equal amount of stock, or to pay the value of the same in money and to account for the amount of dividends declared since the wrongful transfer. It, however, does not turn upon any distinction between dividends accruing during the life of the life tenant and those accruing thereafter (Cf. West v. American Telephone & Telegraph Co., 54 Ohio App. 369, 7 N.E.2d 805), and sheds no light upon the question of acceleration.

█ We think it is unnecessary to discuss further the question of acceleration of the remainder interests, because upon this point we are bound (311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139, 132 A.L.R. 956), by the declaration of the Ohio Court of Appeals. The question was squarely raised in the state court case, and with reference thereto, the Ohio Court of Appeals said [54 Ohio App. 369, 7 N.E.2d 807]:

"In this case, under the facts as shown, the appellees [plaintiffs] are remaindermen. They have not at any time had, or do they now have, the right of possession of the original certificates of stock, or of any certificates issued in lieu thereof. They have not at any time been, and are not now, entitled to any dividends upon this stock. These rights would accrue to them only

upon the death of the widow. Until that time they have no right to anything in connection with this stock other than the right to have their title as remaindermen therein protected and assured.

"The rule is well stated in paragraph 10 of the syllabus of the case of Carpenter v. Denoon, 29 Ohio St. 379, in this language:

"'A deed of conveyance by a tenant for life purporting to convey the title in fee, passes the life estate, but does not forfeit it to the reversioner or remainderman.'

"Of course, that case deals with real estate, but there is no difference in principle between the two, and, in our judgment, the rule there propounded is applicable to the instant case. We cannot accede to the claim of acceleration advanced by counsel for the appellees [plaintiffs]."

This states the law of Ohio upon this proposition, "applicable in the same case and to the same parties in the federal court," and hence is doubly binding upon this court. West v. American Telephone & Telegraph Co., 311 U.S. 223, 238, 61 S.Ct. 179, 184, 85 L.Ed. 139, 132 A.L.R. 956.

■ Plaintiffs urge that the above statement by the Ohio Court of Appeals is dictum. But it was made upon a question presented by the record, entitling the defendant to a reversal of the case if it was decided in its favor. The trial court in the state case had rendered judgment against the defendant in the sum of $29,526.47, being the amount found to be the value of the stock as of November 4, 1929, together with interest thereon at six per cent from that date. This judgment was necessarily based upon the trial court's holding that the remainder was accelerated. The defendant in the Ohio Court of Appeals assigned error to this feature of the case as well as to the entire judgment, contending that the judgment was contrary to law. Hence the decision was a holding upon the precise point of acceleration. Cf. Richards v. Market Exchange Bank Co., 81 Ohio St. 348, 367, 368, 90 N.E. 1000, 26 L.R.A.,N.S., 99. Paraphrasing the declaration in Six Companies of California v. Joint Highway Dist., 311 U.S. 180, 187, 61 S.Ct. 186, 85 L.Ed. 114, this part of the Ohio court's opinion was its answer to the defendant's insistence that the judgment on appeal was erroneous because the commission of the tort did not accelerate the remainder. What the court said as to this subject was a statement of one of the grounds of the reversal, and also was a statement of the law of Ohio as applied to the facts before the court. Nor is there any indication that the Supreme Court of Ohio would decide this case differently. Cf. Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284.

■ This conclusion disposes of the contention of the plaintiffs that they are entitled to receive in addition to the stock and an accounting for all dividends paid thereon since November 4, 1929, with interest, a judgment for the difference in value between the highest intermediate value of the stock and the value as of the time of the decree, with interest on the difference. Since the life estate is not forfeited by the commission of the tort, plaintiffs are still remaindermen only, not entitled to immediate possession of the stock. They are made whole for the injury to their rights by having their interest in the stock protected so that they will receive at the death of the life tenant what they would have received if the stock had not been tortiously sold.

The District Court held that the plaintiffs are entitled to have 92 shares of the defendant's common stock of the same par value and character as that disposed of by the will, held by a trustee under the control of the court during the life of the life tenant, and to have such stock distributed upon her death in accordance with the will, and that during her lifetime the defendant should have all the rights in such stock that the life tenant would have if she had not transferred the stock, and the plaintiffs should have all the rights in the stock to which they are entitled as remaindermen under the law. A decree was entered in accordance with this decision.

The decree is affirmed.