Zimmerman, J.
In urging an affirmance of the decree of the Court of Appeals, counsel for plaintiff, an appellee herein, insist that no bill of exceptions was filed in the Court of Appeals as required by the latter part of Section 11564, General Code (Section 2321.05, Revised Code), nor in lieu thereof was there an agreed statement of facts as permitted and sanctioned by the latter part of Section 11571, General Code (Section 2321.12, Revised Code); and that without either of these this court has nothing before it with which to determine whether the Court of Appeals was wrong in the decree it rendered. Such contention must be given careful consideration because in this case it is essential that either a bill of exceptions or an agreed statement of facts be properly before this court to permit it to decide whether reversible errors were committed by the Court of Appeals, as claimed.
On the other hand, counsel for the defendant, appellant herein, maintain that a formal bill of exceptions is not necessary by reason of a certain stipulation made by opposing counsel which places the whole record, including the evidence, before this court for consideration and review. In support of such position counsel point to the stipulation which reads:
“It is stipulated and agreed by and between counsel for the appellees and the appellant, that the transcript of the testimony consisting of 181 typewritten pages, with all exhibits offered thereto attached taken on the trial of this cause in the Court of Common Pleas of Lucas County, Ohio, is identified by the endorsement of the signatures of counsel for the parties on the cover of said transcript and that this stipulation with said transcript and exhibits be filed herein, and that upon the trial of this cause in this court, any party hereto may offer in evidence such parts or the whole of said transcript and exhibits subject to the objections appearing in said transcript and to any other *363 objections which counsel may offer on the trial in this court, reserving all questions of competency or materiality to this court.
“It is further agreed that, subject to objections as above, any party may offer testimony other than that preserved in the lower court by said transcript, such other testimony to be taken in manner and form as the parties may agree, or otherwise according to law.”
Reference is also made to portions of journal entries in the Court of Appeals, wherein it is recited that the cause “was heard ele novo upon the pleadings, original papers, transcript of the docket and journal entries, and, by stipulation of the parties, upon the evidence adduced by the parties, in the Court of Common Pleas * *
In the case of Newark Natural Gas & Fuel Co. v. City of Newark, 92 Ohio St., 393, 111 N. E., 150 (affirmed by the Supreme Court of the United States), the first paragraph of the syllabus reads:
“A transcript of verbatim stenographic notes of testimony in the Common Pleas Court may be adopted and used in the Court of Appeals by agreement of counsel, and if by proper attachment and reference made a part of the bill of exceptions, will not be stricken from the record, but will be considered by this court.” (Emphasis supplied.)
As we understand it, a bill of exceptions is essentially a written statement of objections made to evidence and exceptions taken to a ruling, order or judgment of the trial court and which sets out those proceedings and acts of the trial court alleged to be erroneous. Sherer v. Piper & Yenney, 26 Ohio St., 476, 478; Yaryan, a Taxpayer, v. City of Toledo, 75 Ohio St., 307, 310, 79 N. E., 465, 466. Under Section 11571, General Code (Section 2321.12, Revised Code), there is no valid bill which may be entertained by a reviewing court, where the same is not authenticated *364 as a true bill of exceptions by tbe signature of the trial judge, by agreement of tbe parties individually or by their attorneys stipulating that it is a true bill of exceptions, or by the certificate of the official court reporter.
It need hardly be added that a mere stenographic transcript of the entire proceedings of a cause, without authentication, is not a bill of exceptions.
From an examination of the “Transcript of Testimony” submitted to us by counsel for the defendant, we are convinced that there is no bill of exceptions, before this court on account of noncompliance with statutory mandates.
This brings us to the question of whether the language in the stipulation of counsel and those parts of the journal entries above quoted demonstrate that the cause was submitted to the Court of Appeals on an “agreed statement of facts” within the contemplation of that portion of Section 11571, General Code (Section 2321.12, Revised Code), which provides:
“* * * a bill of exceptions shall not be necessary in a case in which the entry of judgment shows that the case was tried on an agreed statement of facts and such agreed statement was filed with the papers in the case.”
The term, “agreed statement of facts,” as used in Section 11571, General Code (Section 2321.12, Revised Code), is just what that phrase implies — an agreement between or among the parties or their counsel as to what the facts in the case are. When the facts are thus agreed upon, the result is to simplify the trial by obviating the necessity of presenting proof. It has been said that an agreed statement of facts is in the nature of a special verdict or a special finding of facts. In such a situation the only function of the court is to apply the law to the facts so placed before it. The above summary represents the views of this court as *365 expressed in a number of eases. See Clinton Bank of Columbus, for Use of Rhodes, v. Ayres, 16 Ohio, 282, 287; Ish v. Crane, 13 Ohio St., 574, 579; McGonnigle v. Arthur, 27 Ohio St., 251, 257; Schram v. City of Cincinnati, 105 Ohio St., 324, 137 N. E., 868. See, also, 37 Ohio Jurisprudence, 844, Section 9; 3 Corpus Juris Secundum, 355.
There is a marked distinction between an agreed statement of facts and an agreement as to what the evidence in relation to certain facts is. In the latter instance, the court is required to find the substantive facts from the statement of the evidence so submitted. See United States Trust Co. v. New Mexico, 183 U. S., 535, 540, 46 L. Ed., 315, 319, 22 S. Ct., 172, 174; City of Cincinnati v. Anchor White Lead Co., 44 Ohio St., 243, 244.
As we view the matter, there is no “agreed statement of facts” in the instant controversy, and the language of the court in its per curiam opinion in the case of Micklethwait v. City of Portsmouth, 110 Ohio St., 514, 144 N. E., 274, where the judgment of the Court of Appeals was affirmed, is appropriate here :
“In the hearing upon appeal [to the Court of Appeals] there was an agreement between the parties that the evidence which had been introduced in the Court of Common Pleas should be submitted as the evidence in the hearing in the Court of Appeals. The principal issue in the case was whether bids which had been submitted for constructing street improvements were conditional bids and whether for that reason they were invalid. The evidence submitted included a communication addressed by the bidder to .the city, accompanying the bids, and the Court of Appeals in rendering final judgment, in its journal entry, found as a fact that the communication did not render the bids conditional bids and did not affect in any way the validity of the bids submitted. The plaintiff in error *366 has assumed that the agreement above referred to, and the finding of the court, as shown by the entry, would dispense with the necessity for a bill of exceptions, and, therefore, no bill of exceptions has been allowed. This court is of the opinion that the agreement between the parties related only to the procedure in the Court of Appeals, and, inasmuch as the finding of fact was against the plaintiff in error upon the evidence submitted, and this court does not have before it the evidence upon which that finding was made, this court can only consider the pleadings and the judgment of the Court of Appeals. The answer in the trial court being a denial of the allegations of the petition there is nothing for this court to consider. The judgment of the Court of Appeals will therefore be affirmed.”
In the instant case, we are dealing with litigation of a controversial nature. Plaintiff’s object in instituting the action was to secure a decree for the specific performance of an option of purchase and the petition contains allegations which, on their face, state a cause of action. The answer denies the allegations of the petition and avers facts which, if true, would defeat the plaintiff. Then, the reply denies all averments of the answer except those admitting the allegations of the petition.
No findings of fact are contained in the journal entries of the Court of Appeals which might eliminate the necessity for a bill of exceptions. To enable this court to consider and pass on the errors charged to the Court of Appeals, there would be required an authenticated bill of exceptions or an agreed statement of facts filed with the papers in the case. Since neither of these is present, the only course left to this court is to affirm the decree of the Court of Appeals, which is accordingly done. See Marriott v. Hawk, 111 Ohio St., 285, 288, 145 N. E., 287, 288; Schlarb, Exr., v. Hartwell, Admr., 129 Ohio St., 493, 196 N. E., 273; *367 DeMoss v. Conart Motor Sales, Inc., 149 Ohio St., 299, 78 N. E. (2d), 675. Compare Jones, Treas., v. Ralston, 116 Ohio St., 734, 158 N. E., 88; Detroit, Toledo & Ironton Rd. Co. v. Blaum, 120 Ohio St., 612, 169 N. E., 297. Any other action would result in the brushing aside of statutory requirements and the overriding of previous decisions of this court.

Decree affirmed.

Weygandt, C. J., Middleton, Hart, Stewart and Lamneck, JJ., concur.