Taft, J.
In considering this matter, we will assume that, as relator contends, the Chief Justice is required to conduct a hearing on the filing of an affidavit pursuant to Section 2701.03, Revised Code, setting forth that a common pleas judge is biased or prejudiced, and is further required to determine *83 whether such judge is biased or prejudiced and should be removed. See State, ex rel. Chute, v. Marshall, Chief Justice, 105 Ohio St., 320, 137 N. E., 870, and State, ex rel. Pratt, v. Weygandt, Chief Justice, 164 Ohio St., 463, 132 N. E. (2d), 191.
We will further assume, as relator contends, that there are allegations in the petition justifying the conclusion that relator is, within the meaning of the words of Section 2701.03, Revised Code, a “party to” “a cause or matter pending before the” Common Pleas Court of Payette County by reason of the filing of his alleged motion, even though he is admittedly not yet a party to the case in which that motion was filed.
We do not believe that it is necessary in the consideration of the instant case to determine whether relator is correct in his contentions that this court cannot dismiss the petition as moot unless mootness appears on the face of the petition, that this court cannot take judicial notice of anything about the Common Pleas Court case named and identified in the petition, and that this court cannot even take judicial notice of the action it so recently took in holding relator guilty of contempt of court for continuing the practice of law after his disbarment. See Myers v. State, 46 Ohio St., 473, 22 N. E., 43, 15 Am. St. Rep., 638. However, we would be less than human if we were not curious as to whether relator can circumvent his disbarment by the acquisition of “a financial interest” in a pending case. See 9 Ohio Jurisprudence (2d), 67 et seq., Section 1 et seq.
In answer to a question at the argument before this court on the motion to dismiss relator’s petition in the instant case, relator stated that the Payette County case referred to and identified in his petition is an action for malicious prosecution.
Unless a right or claim will survive the death of its owner, it cannot be assigned. See Cincinnati v. Hafer, 49 Ohio St., 60, 30 N. E., 197; Grant v. Admr. of Ludlow, 8 Ohio St., 1; Village of Cardington v. Admr. of Fredericks, 46 Ohio St., 442, 21 N. E., 766; 4 American Jurisprudence, 253, Section 31.
Section 2311.21, Revised Code, reads:
‘ ‘ Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a County Court for mis *84 conduct in office, which shall abate by the death of either party.”
It has been argued that, notwithstanding the abatement of an action for malicious prosecution on the death of either party thereto, a cause of action for malicious prosecution may survive by reason of the provisions of Section 2305.21, Revised Code. 1 Ohio Jurisprudence, 120, Section 48, Estrich, Survival of Causes of Action, 6 Cincinnati Law Review, 404. See Fowls v. City of Akron, 38 Ohio App., 432, 176 N. E., 694, Joyce v. Columbus, 21 Ohio Law Abs., 649.
That statute reads:
“In addition to the causes of action which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled or liable thereto.”
A cause of action for malicious prosecution did not survive the death of its owner at common law. 1 American Jurisprudence, 87, Section 123. Obviously, it would not be provided for by Section 2305.21, Revised Code, unless considered as one “for * * * injuries to the person or property.” If it was so considered, then we would have the absurd situation of Section 2305.21, Revised Code, providing for the survival of such a cause of action and Section 2311.21, Revised Code, providing for abatement of an action based upon such a cause of action. Cf. Chilcote, Gdn., v. Hoffman, 97 Ohio St., 98, 102, 119 N. E., 364, L. R. A. 1918D, 575. That the General Assembly never so intended becomes apparent from consideration of the words of Section 2311.21, Revised Code, indicating that “no action or proceeding pending” was to “abate by * * * death of * * * parties” except certain specified ones (including actions for malicious prosecution) and of Sections 2311.25 and 2311.30, Revised Code, indicating that the revival of an action that did not abate could be effected only if the cause of action survived.
Hence, it is our conclusion that a cause of action for malicious prosecution does not survive the death of the owner thereof. See Cardington v. Fredericks, supra (46 Ohio St., 442). Cf. Alpin v. Morton, Admx., 21 Ohio St., 536, decided when what is now Section 2311.21, Revised Code, specifically provided for abatement of certain specified actions on death of defendant and not as now on “death of either party.”
*85 It follows that, since the Fayette Connty action referred to in relator’s petition is an action for malicious prosecution, relator could legally acquire no financial interest therein.
A court has inherent power to order stricken from its files any sham or frivolous pleading. A petition that is on its face insufficient as a matter of law represents a frivolous pleading. White v. Calhoun, 83 Ohio St., 401, 94 N. E., 743.
Where a party concedes in open court that a fact exists which, when considered with the allegations of his petition, necessarily leads to the conclusion that such petition is insufficient as a matter of law and cannot be amended to make it legally sufficient, such petition may be stricken as a frivolous pleading.
This court will therefore sua sponte strike relator’s petition from the files and dismiss this action.

Action dismissed.

Zimmerman, Matthias, Bell, Herbert and- Peck, JJ., concur.
Weygandt, C. J., not participating.