**JOYCE et v COLUMBUS** (city)

Ohio Appeals, 2nd Dist, Franklin Co

No 2630.   Decided May 2, 1936

Ralph H. Henney, Columbus, for plaintiffs in error.

J. L. Davies, City Attorney, Columbus, and Donald Wiper, Asst. City Atty., Columbus, for defendant in error.

## OPINION

### By BARNES, PJ.

The action clearly was one for a continuing nuisance and the basis of recovery was predicated entirely on damage to property.

The ground of demurrer was based solely upon the theory that by reason of the death of plaintiffs' decedent the cause of action abated, and the trial court in sustaining the demurrer held to this view. Counsel for plaintiffs in error present the theory that while the suit or pending action abated, the cause of action survives.

The terms "abatement, revivor and survival," as they pertain to pending actions or causes of action, are handed to us from the common law.

Much of the legislation in this state relative thereto is but an expression of the common law. However, the scope has, in many instances, been extended.

Under the common law all pending actions abated, and originally only actions ex contractu could be revived. By the statutes 3 and 4 W. 4, c. 42, No. 3, the common law rule was modified by giving an action in favor of the personal representatives for injuries to real estate and against personal representatives for injuries to real or personal property. This statute did not change the common law rule as to injuries to the person. The Supreme Court of Ohio, in the case of **Russell v Sunbury, 37 Oh St,** page 372, at page 374 of the opinion, makes the following statement:

"This statute may be regarded as part of the common law of this state."

In the final analysis the question at issue in the instant case is determinable under pertinent legislative enactments touching the subjects of abatement, revivor and survival considered in the light of common law rules as determined through decisions of Ohio courts.

**Sec 11397, GC,** reads as follows:

"**Sec 11397 GC. ABATEMENT BY DEATH OF PARTY.** Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace

for misconduct in office, which shall abate by the death of either party."

The language here used is very clear, explicit and unambiguous. While under the common law rule, all pending cases abated, the above quoted section provides that no pending action or proceeding abates except 'libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office," and as to these the last part of the statute says "which shall abate by the death of either party."

In the instant case we are only concerned as to action "for a nuisance," and this form of action is included in one of the exceptions and it is very specifically stated that a pending action for nuisance abates.

The petition in the instant case does not disclose that the decedent had pending an action for damages predicated on the same state of facts at the time of his death. However, the briefs of counsel for both parties state this to be a fact. Counsel for plaintiffs in error apparently recognize that the action was one for nuisance, and that the pending action of the decedent abated. This position would be in direct line with the section above quoted. The present action brought by the representatives of the decedent is on the theory that the cause of action survives, notwithstanding that the pending action abated. To hold that §11397, GC, refers to anything more than a pending action or proceeding would be extending the provisions beyond the clear language. In effect this would be judicial legislation.

From this section alone we get no aid on the question as to whether or not a cause of action for nuisance survives.

If the Ohio Legislature has provided that actions for nuisance survive, this would be controlling. If there is no legislation on the subject, then it will be necessary to determine whether or not, under the common law, the cause of action for nuisance would survive.

On this question of survival we are referred to §11235, GC, which reads as follows:

"Sec 11235 GC. WHAT CAUSES OF ACTION SURVIVE. In addition to the cases which survive at common law, causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive, and the action may be brought notwithstanding the death of the person entitled or liable thereto."

From the above section it clearly appears that the Legislature gave legislative expression to the rule of common law and also provided that other causes of action should survive.

"In addition" does not refer to specific causes of action, but rather in general terms, and encompassed therein will be such causes of action as fall within the general expression "for injuries to person or property." The action in the instant case is obviously an action for injuries to property.

We can conceive of no rule by which it can properly be considered that the injury to property should be limited to certain classes or forms of damage or injury and not include nuisance. The injury or damage is certainly just as potent if occasioned through nuisance as though occasioned by trespass.

Had the Legislature desired to limit the injuries to property to some form or classification, it could have very easily done so. Since it deals with the subject in general terms, the section must be given general application.

The only case in Ohio cited by counsel or found by us through an independent search similar in its facts and procedure is the case of **Murray v Buckner, Executor, etc., 15 N.P., N.S., 424.** This is a decision by the Superior Court of Cincinnati, and was decided December, 1913. In this case it was held that the cause of action abated and thereby plaintiff was denied recovery for his claimed damages for injury to his property by reason of a nuisance. After carefully reading this opinion, it is our view that the trial court in its construction of §11397, GC, failed to limit its provisions to pending actions. This is especially manifest from the following language at page 429 of the opinion:

"There is an apparent inconsistency of language in these two sections (referring to §§11397 and 11235 GC) in that by the terms of one we find that an action for injury to property survives and may be brought notwithstanding the death of the party liable thereto, while in the other, in equally positive terms, we find that an action for a nuisance, which may also be an action for injury to property, abates upon the death of the person liable thereto."

Had the court properly observed the language of §11397, GC, in that it refers not to a cause of action but to pending actions or proceedings, the apparent inconsistency of language would have at once disappeared. We also find that the trial court in the reported case incorrectly analyzed the case

of Cardington v Fredericks, 46 Oh St, 442. In the statement on the first page, following the syllabus, it will be disclosed that the original action was commenced by Mary J. H. Fredericks against the Village of Cardington. After answer was filed, the plaintiff deceased, and by leave of court, her administrator became party plaintiff and filed petition. Then follows the following very pertinent comment:

"The sole issue in the case is as to whether an action can be maintained on that petition which is as follows."

The original action was not dismissed, but the administrator simply filed in the same action a new petition. Under a proper construction of the section, this could not be permitted. It was the same action and not a new action under the rule of survival. The Supreme Court held that the action abated.

In the Murral case, supra, reference was also made to another Cincinnati case, entitled Cincinnati v Darby, Administrator, 5 N.P., N.S., 216. The court in this case properly held that the pending action abated, and the Supreme Court affirmed without report, 80 Oh St, 733. The action in the Darby case, supra, was a pending action and came very clearly under the provisions of §11397, GC.

We are referred to a very interesting case by the Court of Appeals of Summit County, entitled Fowls, Administrator v City of Akron, 38 Oh Ap 432 (9 Abs 342). This case was decided February 3, 1931. The syllabus reads as follows:

"A civil action for nuisance abates upon the death of either party to such action, that is although the nuisance may have caused the injury to the person of the plaintiff **and the cause of action itself survives."** (Emphasis ours).

Counsel for defendant is correct in the observation that the only question for determination by the court was whether or not the pending action abated, and that the court voluntarily went beyond the issue in holding that the cause of action itself survives. Notwithstanding, we find the language of Judge Pardee very interesting and we are in exact accord with the observations as to the scope of §§11397 and 11235, GC.

We find a very interesting and learned text in Ohio Jurisprudence, Volume 1, under the subject of Abatement and Revivor, starting at page 11 and continuing to page 126, inclusive. Very copious notes and Ohio decisions are referred to. To quote from the text or the decisions cited, would add unnecessarily to the length of this opinion. In any event, the text should be read in its entirety.

Counsel for the city refer to §11401, GC, which reads as follows:

"Sec 11401 GC. REVIVOR OF ABATED ACTION. If before judgment, one of the parties to an action dies, or his powers as a personal representative cease, but the right of action survives in favor of or against his representatives or successor, the action may be revived, and proceed in the name of such representatves or successor."

It is urged that this section provides a right of revivor in all actions that survive. Then follows the argument that if actions for a nuisance survive, §11397, GC, would be inconsistent wherein it provides that action for nuisance abates.

The contention is correct that we have here an anomalous situation and the language can not be reconciled on any reasonable hypothesis. Judge Pardee, in the Fowls, Administrator, case, supra, in dealing with this identical question made the following observation:

"But inasmuch as the law-making body has expressly declared that an action for nuisance shall abate upon the death of either party, this provision, taken in connection with other sections of the General Code upon the same general subject, must be limited to and held to apply to those actions which do not abate and where the cause of action survives."

Merely because we can not find any good reason why the Legislature should have enacted this cumbersome procedure is no reason for the courts to read into the sections language not therein contained.

Furthermore, the anomalous situation, if we want to term it such, is certainly no reason for taking away rights clearly and unequivocally granted under §11235, GC, supra.

The rule of law is well recognized that sections of the statute providing substantive rights will be more liberally construed than those pertinent merely to procedure.

Considering the question here presented in the light of the pertinent sections of the Code and the Ohio decisions, we are constrained to the view that plaintiffs' petition states a cause of action and that the demurrer thereto should have been overruled.

The case will be remanded to the Common Pleas Court with instructions to overrule the demurrer and permit defendant to further plead.

Costs of this proceeding will be adjudged against defendant in error.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.