Jones, J.
 

 The sole question for determination is whether the action for slander of title abated upon the death of the defendant, Townsend, under the provisions of Section 11397, General Code. That section reads as follows:
 

 “Unless otherwise provided, no action or proceeding pending in any court shall abate by the death of
 
 *605
 
 either or both of the parties thereto, except actions for libel, slander, malicious prosecution, for a nuisance, or against a justice of the peace for misconduct in office, which shall abate by the death of either party. ’ ’
 

 The nisi prius court held that the action abated by the death of the defendant. While confessing that the question argued by counsel was interesting and not free from doubt, the appellate court reversed the judgment of the trial court and remanded the cause for further proceedings.
 

 “At common law every real or personal action abated on the death of either the sole plaintiff or the sole defendant before verdict and judgment, and this is still the law except in so far as the common-law rule has been modified by statute.” 1 Corpus Juris, 153.
 

 The common-law principle was alluded to by Johnson, J., in
 
 Russell
 
 v.
 
 Sunbury,
 
 37 Ohio St., 372, 41 Am. Rep., 523, who, on page 374 of the report, said: “At common law, all actions in form
 
 ex delicto,
 
 for the recovery of damages, abated by the death of either party. This rule embraced injuries to
 
 person,
 
 to
 
 personal property
 
 and to
 
 real estate.”
 
 The following headnote is found in 1 Corpus Juris Secundum, 200: “An action or cause of action for libel or slander abates on the death of a party unless it is within a statute providing for survival.”
 

 There is diversity of opinion in the courts of this country as to whether actions for slander, either of person or property, abate on the death of a party to the action. But this diversity arises, in the main, upon the fact whether the statute, either expressly or by strong implication, has provided that the action shall abate by the death of such party, some of the courts holding that such statutes, being in derogation of the common law, should be strictly construed.
 

 In this state, the statute under consideration is a comprehensive one and would seem to include all kinds
 
 *606
 
 of slander, whether it be a defamation of person or property. Webster’s Dictionary defines' slander of title as “a false and malicious statement disparaging a person’s title to property to, his special damage.” The special damage feature is one of the elements which differentiates slander of title from malicious slander of the person.
 

 If the Legislature of Ohio, instead of using the word “slander” in general terms as it did, had desired to relieve slander of title' from abatement, it could easily have done so, as did the Legislature of North Carolina, when it passed Section 162 of the North Carolina Code of 1935, when it differentiated between them by the use of the following language: ‘ ‘ Section 162. Actions which do not survive. — The following rights of action do .not survive:
 

 “1. Causes of action for libel and for slander except slander of title * *
 

 The appellate court placed reliance on the case of
 
 Labarre
 
 v.
 
 Burton-Swarts Cypress Co.,
 
 126 La., 982, 53 So., 113, where it was held: “ 'Slander of title’ is an actual intrusion upon one’s property in the nature of a trespass; a real action to protect title.” This .court, in
 
 Buehrer
 
 v.
 
 Provident Mutual Life Ins. Co.,
 
 123 Ohio St., 264, 195 N. E., 25, held otherwise. A section of our code provided that actions for slander should be brought within one year after the cause of action accrued; the plaintiff maintained that slander of title was equivalent to a “trespass upon real property” which authorized a four-year limitation in which to bring an action. As in this case, the statute used the word “slander” and omitted the term, “slander of title, ’ ’ and we held the word ‘ ‘ slander ’ ’ was not limited to slander of persons but embraced slander of title as well; and that the phrase, “trespassing on real property,” contemplated some unlawful entry upon or a direct physical invasion upon real estate and did not
 
 *607
 
 contemplate indirect or consequential injuries thereto. In the course of the opinion it was said: “Section 11225, General Code [the limitation section], provides that actions for libel and slander shall be brought within one year after the cause thereof accrued. That section comprehends all actions for slander or for libel, and is not limited, in terms, to slander or libel against the person only; nor is it confined to any particular kind of slander — slander of the person rather than of property; nor can we see any legislative purpose in making such a distinction.”
 

 Holding as we do that the statute under consideration was not limited to any particular kind of slander but was all-inclusive, the judgment of the Court of Appeals will be reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Matthias, Day, Zimmerman, Williams and Myers, JJ., concur.