Bentley Kassal, J.
This is an action for defamation, founded upon separate allegations of slander and libel. Two questions of law have been presented by posttrial motions. First, is there a publication of defamatory statements if the plaintiff and the defendant’s spouse be the only persons who heard the defendant utter the words? Second, are the statements made herein defamatory as a matter of law?
The essential fact pattern is simple: Defendant, Alan Port-nick, was an officer, director and stockholder of a corporation which had owned the Young’s Gap Hotel in Sullivan County, New York. The hotel had been sold to a group in which the plaintiff was an investor and which was represented by him, as attorney. There was a reconveyance of the property to the corporation — ■ claimed to be in violation of the agreement — and many items of personal property were alleged to be missing.
By prearrangement, defendant, Alan Portnick, met plaintiff at a hotel coffee shop to discuss the situation. Defendant, Gertrude Portnick, later joined them there. :V^fter some discussion, these words, inter alia, were used by defendants:
*405 Gertrude Portnick: “ what about all the property that was stolen from Young’s Gap ? There was $20,000 worth of personal property taken from Young’s Gap and you and Mr.— took it.” Alan Portnick: ‘ ‘ What Mrs. Portnick means is that there was some kind of underhanded deal.”
Gertrude Portnick: ‘1 and if you want to go on being an attorney, you better forget about causing us trouble at Young’s Gap.” Gertrude Portnick: “ Lou told us about a lot of criminal things — unkosher things that you have been involved with over the years * * * you committed a lot of wrong acts.” Plaintiff moved that the jury be instructed that these statements were slanderous per se. Decision was reserved on this motion and the case was submitted to the jury in the form of written questions for a special verdict.
The jury found that (1) the statements had been made by defendants, (2) the statements were false and (3) the words employed did not tend to disgrace or discredit plaintiff’s reputation in his profession or business nor did they dishonor or injure him in the community.
Whether particular language tends to defame a person depends, at least, in part, upon the temper of the times and the current of public opinion, (Mencher v. Chesley, 297 N. Y. 94.) The language used herein, however, clearly charged plaintiff with having committed larceny and other criminal conduct and, therefore, constituted slander per se. (Kaplan v. K. Ginsburg, Inc., 8 A D 2d 726; Weiner v. Vogel, 18 A D 2d 748; Restatement, Torts, § 571.)
I am, therefore, overruling the jury by determining that these statements by both defendants were defamatory as a matter of law. Having done so, the next issue is whether the plaintiff has proven publication, an essential element for a prima facie case.
Although there was dispute as to the number and location of other persons in the coffee shop at this time, there was no showing that any person, other than the parties themselves, either overheard the conversation or even recognized them.
An indispensable element for slander is the communication of the defamation to at least one person other than the person defamed. (Haile v. Fuller, 2 Hun 519; Broderick v. James, 3 Daly 481; Kleiman v. Beech-Nut Packing Co., 259 App. Div. 593.)
The narrow issue presented, therefore, is whether, under the facts of this case, communication by one of the defendants to the plaintiff, which is overheard' by the codefendant, constitutes publication. Only a few courts (none in this jurisdiction) have *406 considered analogous situations where words addressed to and defamatory to an entire group — hut not published to others — were relied upon by one or more members of the group to establish the element of publication. It has been uniformly held that there was no publication to a “ third person.” (See Ann. 92 ALR 2d 219, 237, § 9 and cases cited therein.)
We have the reverse side in this case in that the only party who overheard the defamatory words, in addition to the plaintiff, was the spouse of the party making the statements.
In New York, the Court of Appeals has held that defamatory words, spoken between parties sharing a common interest in the subject matter, are protected by a qualified privilege. (Stillman v. Ford, 22 N Y 2d 48; see, also, Shenkman v. O’Malley, 2 AD 2d 567.)
Finally, whether deciding on the basis of privilege or lack of publication, all of the courts to consider the question in this state have found that communication from one spouse to another is not actionable as slander. (Dyer v. MacDougall, 93 F. Supp. 484; Schinzel v. Vuyk, 126 Misc. 202; Trumbull v. Gibbons, 3 N. Y. City H. Rep. 97 [1818].)
I have found no case, either in this jurisdiction or any other, that deals with the situation presented herein. One need' not solely resort to the legal fiction of the identity of husband and wife. From the statements on which this action is grounded, as well as the testimony elicited at trial, it is clear that the two defendants are and were of like mind and had a common interest in this matter. The only audience to whom their remarks were directed was the plaintiff. No statements overheard only by the other defendant could' or did injure plaintiff’s reputation. I therefore find that there has been no proof of publication to a “ third person.”
Accordingly, the cause of action against both defendants for slander is dismissed.
The second cause of action, for libel, concerns a letter written and mailed by defendant Portnick to plaintiff. The letter was drafted in longhand and typed by Alan Portnick’s typist-clerk. All parties concede that this constituted1 publication.
The letter reads:
‘ ‘ I have your letter February 18,1971, and note that the contents thereof are fabricated, as is also, evidently the contents of your ‘ photocopy ’ of a supposed letter of January 6th, which Í never received and which I never realized and which undoubtedly never existed on that date.”
*407 In the special verdict, the jury found that the statements in this letter were false, but that they neither tended to disgrace nor discredit plaintiff’s reputation in his profession or business, nor dishonor or injure plaintiff in the community.
This verdict I shall not disturb. The words in the letter are capable of more than one construction, at least one of which was not libelous. It was, therefore, within the province of the jury to determine in what sense they were meant. (Rovira v. Boget, 240 N. Y. 314; Neaton v. Lewis Apparel Stores, 267 App. Div. 728; 2 Seelman, Law of Libel and Slander, par. 602.)
Accordingly, plaintiff’s motions for judgment are denied.