OPINION
A jury found defendant George Williams guilty of one count of theft after he refused to pay a hotel bill. His primary arguments on appeal concern the admission of other acts testimony and prosecutorial misconduct.
The state established that during a one-month period in 1998, defendant stayed at the Orange location for the hotel and ran up separate bills of $377.85 and $246.31. He did not pay either bill. When hotel management discovered defendant leaving the premises without paying, it called the police. The police arrived and found defendant and the hotel manager in an argument. A police officer suggested the matter could be cleared up if defendant paid his bill, but defendant replied that he had "no way to pay now and I'm not going to." The officer arrested defendant for theft. The hotel bill remains outstanding to this day.
A witness representing the hotel chain said the chain sometimes made deals for rooms when guests agreed to stay for extended periods — what the witness described as a "stay now/pay later" basis — but there was no record of defendant having this kind of arrangement. Another hotel witness said there was no record of defendant having made any special billing arrangements with the corporate office.
Defendant testified he had an arrangement with the previous hotel manager that he would pay his hotel bill in cash when he checked out. He said he would receive the bill one day before checking out and contact his employer for payment. The employer would apparently wire money to an account at a local bank and defendant would go to the bank and withdraw cash from the account. He claimed a new manager assumed duties at the hotel and had no interest in continuing his previous billing arrangement. Despite this, defendant admitted he had still not paid the hotel bill.
 I
The first assignment of error complains the state engaged in several instances of misconduct during trial and closing argument. Primarily, defendant complains the state injected other acts evidence into trial in the following respects: (1) during opening statement the state told the jury "[n]ot only does [defendant] not pay at Orange, but he does this at other locations. * * * He's scamming in Willoughby, scamming in Orange and what you have to decide is did he receive these services and did he pay for them?" (2) during defendant's cross-examination "Isn't it a fact that you stole over $3,000 from one of your prior customers and you lost your license to sell insurance?" and (3) during closing argument the state argued that defendant had a "history of stealing and scamming" and further said, "Your past actions indicate the type of person you and I are. You and I do not scam Bedford, we don't scam insurances, we don't scam Willoughby. That's why you are in the jury box. That's why I'm standing here and that's why he's sitting there."
The defense did not object to any of these remarks. In Statev. Fears (1999), 86 Ohio St.3d 329, 332-333, the supreme court quoted paragraph one of the syllabus to State v. Wade (1978),53 Ohio St.2d 182, and stated that a failure to object to allegedly prejudicial remarks by a prosecutor must be analyzed under the plain error rule, since "[a] claim of error in a criminal case can not be predicated upon the improper remarks of counsel during his argument at trial, which were not objected to, unless such remarks serve to deny the defendant a fair trial." Plain error exists only in cases where, in light of all of the evidence properly admitted at trial, we determine that the jury would not have convicted the defendant even if the error had not occurred.State v. Slagle (1992), 65 Ohio St.3d 597, 604.
The first two cited instances of misconduct concern evidence of other acts. These claims are also raised in the second assignment of error, and we chose to address the substance of those claims under that assignment of error.
As for the remark in closing argument that defendant had a "history of stealing and scamming," we find these statements were generally based upon the evidence that showed defendant had skipped out on one previous hotel bill, given a false address for his current place of employment, and appeared to have been sanctioned by the department of insurance for fleecing a customer. Under the circumstances, we believe the state's remarks were a fair comment on the evidence, particularly given the state's wide latitude to comment on the evidence. SeeState v. Davis (1996), 76 Ohio St.3d 107, 119. The first assignment of error is overruled.
 II
In his second assignment of error, defendant complains the court erred by permitting evidence of his other acts; namely, his skipping out on a hotel bill at the Willoughby location of the hotel not long before he did the same at the Orange location. Defendant claims this constitutes an illegal attempt to show that he acted in accordance with prior bad acts.
Evid.R. 404 (B) prohibits evidence of other crimes, wrongs, or acts to prove an accused's criminal propensity. "Other acts" evidence is admissible, however, if "(1) there is substantial proof that the alleged other acts were committed by the defendant, and (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." State v. Lowe (1994),69 Ohio St.3d 527, 530; see, also, Evid.R. 404 (B).
Before trial, the state gave notice of its desire to put into evidence the Willoughby incident for the purpose of establishing defendant's motive, plan, scheme or design. Defendant did not object prior to trial and, in fact, told the court to "bring it on." Because there was no objection, we proceed under a plain error analysis.
We believe the court did not commit plain error by permitting the state to introduce evidence of the Willoughby hotel incident because that evidence was relevant to show the absence of mistake on defendant' s part. Defendant claimed he had a prior arrangement with Orange hotel manager to pay his bill in a certain manner and that a new manager at that location did not agree to that same relationship. The state's evidence that defendant unsuccessfully tried to use the same method at the Willoughby hotel made defendant's explanation much less plausible. For that reason, the evidence was admissible.
Defendant also complains the court should not have permitted the state to tell the jury that he had an insurance license revoked by the state after he defrauded several customers out of over $3,000. Again, counsel failed to object to this evidence. Despite this, we cannot say that the result of the conviction would have been different but for the admission of the investigations coordinator's statement about defendant having his insurance license revoked. Defendant admitted he did not pay the hotel bill and reasonable minds could find he engaged in a form of deception by trying to claim that he made arrangements that did not appear to exist. The second assignment of error is overruled.
 III
The third assignment of error recites a number of instances of ineffective assistance of counsel where defense counsel failed to make objections to the admission of other acts evidence, defendant's prior troubles with the department of insurance and defendant's failure to make a $150 bail, thus suggesting he knew he did not have the money to pay his hotel bill.
To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance fell below the objective standard of reasonable competence under the circumstances. Second, a defendant must show that, as a result of this deficiency, he was prejudiced at trial.Strickland v. Washington (1984), 466 U.S. 668, 687;State v. Mills (1992), 62 Ohio St.3d 357, 370.
We have found the other acts evidence admissible under the circumstances, so defendant does not meet the first prong of an ineffective assistance of counsel claim because he cannot show that counsel acted outside acceptable bounds of reasonable competence.
As for the failure to object to the officer's testimony concerning statements made by the investigations coordinator from the department of insurance, we find counsel should have objected on hearsay grounds. The state did not present any documentary evidence to support its claim that defendant had his insurance license revoked. Instead, it relied upon the testimony of a police officer who, in the course of his investigation into the theft, contacted an investigations coordinator for the enforcement division of the department of insurance. The investigations coordinator told the officer that defendant's insurance license had been revoked in 1994.
The officer's testimony was classic hearsay — he repeated the out-of-court statement of the investigations coordinator to prove that defendant scammed former clients. We see no exceptions to the hearsay rule that would permit the statement to go to the jury. Significantly, this is not a case where the testimony at issue was offered to explain the subsequent investigative activities of the police officer. See, e.g., State v.Thomas (1980), 61 Ohio St.2d 223, 232; Statev. Congeni (1981), 3 Ohio App.3d 392, 398. Nor did the officer's testimony fall within any established hearsay exceptions under Evid.R. 803.
Despite the failure to object, we cannot say the result of the trial would have been different had this evidence been excluded.
As we previously stated, defendant admitted he did not pay his hotel bill so testimony concerning a revocation of defendant's insurance license would not have been the deciding factor in his conviction. The third assignment of error is overruled.
 IV
The fourth assignment of error is that the court erred by permitting the state to question defendant about his inability to post a $1,500, ten percent cash bond after his arrest. He claims his failure to post bond was irrelevant and highly prejudicial.
"Relevant" evidence is any evidence having any tendency to make the existence of any consequential fact more probable or less probable than it would be without the evidence. See Evid.R. 401. By eliciting defendant's admission that he could not make a minimal bail ($150), the state produced evidence tending to show that defendant had no ability to pay for his room and knew that fact before he checked in. Defendant claimed his employer would wire money to a bank account so he could withdraw funds in cash and pay his hotel bills, but he gave a non-existent address for his employer. Defendant claimed he had several credit cards, but adamantly refused to use them, despite admitting that he owed money on the rooms. Given this background, defendant's inability to post a $150 bond was relevant to show he lacked the necessary funds to pay for his room.
Defendant cites to Village of Oakwood v. Makar (1983),11 Ohio App.3d 46, for the proposition that the state cannot refer to an accused's finances in order to prove a case of embezzlement. The state correctly notes this case is not on point because that was a civil action for defamation that did not involve embezzlement claims. The fourth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL. P.J., MICHAEL J. CORRIGAN, J.CONCUR.
 __________________________________ JOHN T. PATTON, JUDGE