OPINION
Appellant Richard Meyer appeals the verdict rendered, in the Stark County Court of Common Pleas, that found he was not entitled to damages for an accident that occurred on July 8, 1998. The following facts give rise to this appeal.
On the day of the accident, Appellee Bruce Fisher was driving southwest on Cleveland Avenue, on his way to work at Bob-O-Link Golf Course. Appellee intended to enter onto the northbound on-ramp to Interstate 77. Prior to making the turn, appellee saw appellant standing on the sidewalk to the right of appellee's vehicle. From the point where appellee first saw appellant standing on the sidewalk to the point where appellee's vehicle struck appellant, appellant was never out of appellee's peripheral vision.
With no warning whatsoever, appellant stepped into the street and began to cross in the path of appellee's oncoming vehicle. Appellee immediately slammed on his brakes and swerved to the left in an attempt to avoid hitting appellant. Immediately after hitting appellant, appellee brought his vehicle to a stop and ran to the BP gas station for help.
As a result of this accident, appellant filed a complaint on September 29, 1998. On July 9, 1999, appellee filed a motion for summary judgment. On August 2, 1999, appellant filed his brief in opposition to the motion for summary judgment and attached the affidavit of his traffic reconstructionist expert Henry P. Lipian. The trial court overruled appellee's motion for summary judgment August 18, 1999. Thereafter, appellant filed a motion for attendance at trial of Henry P. Lipian. Prior to jury selection on August 30, 1999, the trial court denied appellant's motion. The trial of this matter commenced on August 31, 1999. On September 1, 1999, following deliberations, the jury returned a verdict in favor of appellee.
On September 13, 1999, appellant filed a motion for new trial. The trial court overruled appellant's motion. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration.
 I. THE COURT ERRED IN DENYING PLAINTIFF APPELLANT'S MOTION FOR ATTENDANCE AT TRIAL OF HIS EXPERT WITNESS AS ALLOWED PER OHIO EVIDENCE RULE 615 (3) AND IN FURTHER SEQUESTERING THIS EXPERT WITNESS FROM COUNSEL FOR PLAINTIFF-APPELLANT DURING THE RECESS BETWEEN DIRECT AND CROSS EXAMINATION.
 II. THE TRIAL COURT ERRED IN ITS ADMONISHMENTS TO COUNSEL FOR PLAINTIFF APPELLANT RESTRICTING REDIRECT EXAMINATION OF THE EXPERT WITNESS AND REMARKING BEFORE THE JURY GIVING THE IMPRESSION OF AGGRAVATION THAT THE TESTIMONY WOULD NOT CONCLUDE AT A TIME EARLIER ANNOUNCED BY THE COURT TO THE JURY AFTER THEY WERE IMPANELED.
 III. THE COURT ERRED IN DENYING ADMISSION OF DEMONSTRATIVE SCALE MODEL EXHIBITS AND SCIENTIFIC DRAWINGS PREPARED BY AND TESTIFIED TO BY PLAINTIFF-APPELLANT'S EXPERT WITNESS.
 IV. THE TRIAL COURT ERRED IN FAILING TO SUSTAIN THE MOTION FOR NEW TRIAL AS MADE BY PLAINTIFF-APPELLANT.
In his First Assignment of Error, appellant contends the trial court erred when it denied his motion for attendance, at trial, of his accident reconstructionist expert Henry Lipian. We disagree.
Evid.R. 615 addresses the exclusion of witnesses and provides as follows:
At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. This rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of a party which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of his cause. (Emphasis added.)
"The separation of witnesses, including expert witnesses, is a matter within the discretion of the trial court." Oakwood v. Makar
(1983), 11 Ohio App.3d 46, 48, citing Euclid v. Fitzthum (1976),48 Ohio App.2d 297, 303. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Appellant sought to have Mr. Lipian present, at counsel table, on the basis that Mr. Lipian's presence was essential to the presentation of his case. Appellant had the burden of establishing that Mr. Lipian's presence was essential. Appellant failed to meet his burden in both the motion for attendance at trial of Henry P. Lipian and on the record at trial. In the motion, appellant merely alleged that "[it] was essential to the presentation of Plaintiff's case that counsel be permitted to consult from time to time during the testimony of Defendant." Appellant never gave any specific reason for the request.
At trial, appellant argued the presence of Mr. Lipian was necessary and stated as follows:
 * * * I think it's important for him to be here also to hear the testimony before the jury of the Defendant, possibly one or two other liability witnesses to make sure that he's heard these facts firsthand and then when he testifies he can say whether or not the testimony in the courtroom has altered his opinion in that way. Tr. at 5.
As did the trial court, we find this argument unpersuasive. Appellee Bruce Fisher was the only individual to testify, at trial, with firsthand knowledge concerning the accident. Appellant deposed appellee specifically addressing the liability issue in this case. Mr. Lipian reviewed appellant's deposition testimony prior to trial. At trial, appellee testified consistent, with his deposition testimony, concerning the issue of liability. Thus, Mr. Lipian would not have heard anything different, during appellee's testimony, had he been present at counsel table.
In support of this assignment of error, appellant cites the case ofMorvant v. Construction Aggregates Corp. (C.A.6, 1978),570 F.2d 626. In Morvant, on appeal, the appellant argued the complicated and unusual circumstances surrounding the facts of the case and highly technical nature regarding the unseaworthiness of a vessel that sank, required the presence, of an expert, during the trial. Id. at 629. The Sixth Circuit Court of Appeals recognized that there are situations where experts may be permitted to be present, however, the court recognized the well established principle that "[t]he decision whether to permit him [the expert] to remain is within the discretion of the trial judge and should not normally be disturbed on appeal."Id. at 630.
The court further stated, citing Judge Weinstein:
 That an expert witness may be assisted by being present in the courtroom to hear the testimony upon which he is expected to base his expert opinion, as set forth in Rule 703, does not in our judgment furnish an automatic basis for exempting him from sequestration under Rule 615. [Citations omitted.] The reason for our conclusion is simple: had the framers intended it, they would have said so, or added a fourth exception. It is true that an expert witness does not normally testify to his first hand knowledge of the facts of the particular case and therefore will not be in a position to conform his testimony to that of others even if so inclined. Nevertheless, the very breadth of the permissible scope of testimony by an expert witness suggests that in some circumstances at least, the trial judge could be justified in holding that his presence in the courtroom was not essential and that his exclusion of the courtroom might in a given case make a more objective and, perhaps, more honest witness out of him. Id.
We conclude the trial court did not abuse its discretion when it denied appellant's request to have Mr. Lipian present at counsel's table. Appellant failed to set forth any specific reason establishing why Mr. Lipian's presence was necessary for the presentation of his case. Further, a review of the record indicates appellee's testimony, at trial, did not differ from his deposition testimony that Mr. Lipian reviewed in forming his expert opinion.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the trial court erred in its admonishments to his counsel restricting redirect examination of the expert witness. Appellant also contends the trial court erred when it made remarks about the conclusion of testimony, in front of the jury, giving the jury the impression that the trial court was aggravated with appellant's counsel. We disagree with both arguments.
Appellant cites the following discussion, contained in the record, that occurred on re-direct examination of Mr. Lipian:
 THE COURT: Mr. Georges, we are going back over direct testimony that was mentioned earlier. Please.
MR. GEORGES: Sorry.
 THE COURT: Please listen to what I am saying. We are rehashing.
MR. GEORGES: Can he finish his answer?
THE COURT: No. Tr. at 335.
A trial court possesses inherent power to regulate court proceedings. Holm v. Smilowitz (1992), 83 Ohio App.3d 757, 771. Ohio Evid.R. 611 (A) addresses the trial court's duty to exercise control over the mode and order of witness interrogation and presentation. This rule provides:
(A) Control by court
The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment of undue embarrassment.
Based on the trial court's comments, the court believed appellant was wasting time by asking questions of Mr. Lipian that he had already asked on direct examination. Specifically, appellant argues that had he been permitted to conduct re-direct, according to his plan, he would have elicited testimony, from Mr. Lipian, that would have supported the claim of "implied crosswalk" and a "preferential right of way on the part of the appellant." As to the "implied crosswalk", during cross-examination, appellee successfully established that Dr. Lipian could not establish what an "implied crosswalk" is or whether appellant was within the undefinable area at the time of the accident. Tr. at 314. Dr. Lipian further agreed, on cross-examination, that he could not specifically testify to the angle appellant took in attempting to cross the street. Id. at 308. Clearly, based on appellee's cross-examination, appellant would not have received different answers, on re-direct.
In Pool v. Wade (1996), 115 Ohio App.3d 449, the Lucas County Court of Appeals addressed similar comments, made by a trial court, and found "* * * no prejudice in the trial court's prodding of the witnesses and trial counsel to move the case along." Id. at 460. We reach the same conclusion in the case sub judice.
Appellant's Second Assignment of Error is overruled.
 III
Appellant contends, in his Third Assignment of Error, that the trial court erred when it denied admission of his scale model exhibits and scientific drawings prepared by and testified to by his expert witness Dr. Lipian. We disagree.
The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. Appellant maintains the trial court abused its discretion when it sustained appellee's objection to appellant's Exhibits 5, 6, 7, and 8. The jury had the benefit of the information contained in these exhibits as Dr. Lipian testified about them during direct and cross-examination. However, the exhibits were not sent to the jury room for deliberations.
We conclude the trial court did not abuse its discretion when it denied the admission of these exhibits. During cross-examination concerning these specific exhibits, Dr. Lipian admitted Exhibit 5 was a summary of the pre-crash situation. Tr. at 244. Exhibit 6 was a summary of his testimony of the field of vision of appellee. Dr. Lipian admitted, on cross examination, that Exhibit 6 did not represent appellee's view of appellant. Id. at 302. Exhibit 7 was a larger scale drawing of a segment of Exhibit 5. Id. at 252. Exhibit 8 sets forth three hypothetical vectors, A, B and C, which appellant may have taken on the morning of the accident. Id. at 308. Dr. Lipian admitted that he did not know what vector appellant took the morning of the accident. Id.
Because the exhibits were for purposes of illustration only and had virtually no actual relationship to the events that occurred on the day of the accident, the trial court did not abuse its discretion when it denied their admission into evidence.
Appellant's Third Assignment of Error is overruled.
 IV
In his final assignment of error, appellant maintains the trial court erred when it denied his motion for new trial. We disagree.
Appellant claims he was entitled to a new trial on three separate grounds: jury impatience, juror misconduct and appellant's memory was jogged by trial testimony. Civ.R. 59 (A) addresses the grounds for a new trial and provides, in pertinent part:
(A) Grounds
A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial.
 * * * (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 (A) lies within the sound discretion of the trial court and will not be reversed absent an abuse of discretion. Sharp v. Norfolk Western Railway Co. (1995), 72 Ohio St.3d 307, 312. In support of this assignment of error, appellant first argues the jury became impatient because of delays. Appellant has no evidence to support this argument. Second, appellant maintains two of appellant's witnesses saw a juror drinking beer during lunch. See Affidavit Donna Jean Sickafoose, Affidavit Shelvy Greavu. Appellant never brought this alleged misconduct, to the attention of the trial court, until after completion of the trial and a verdict in favor of appellee.
Finally, appellant claims his memory was jogged after hearing the testimony of Dr. Lipian. However, when appellant testified, after Dr. Lipian, appellant never testified about the facts he recently remembered. Further, newly discovered evidence must be discovered since the date of trial. In the matter currently before the court, appellant remembered facts, at trial, after hearing the testimony of Dr. Lipian.
We conclude the trial court did not abuse its discretion when it overruled appellant's motion for new trial.
Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 ____________________ Wise, J.
Gwin, P. J., and Edwards, J., concur.