Bryant, J., concurring in part and dissenting in part.
 {¶ 75} While I am not able to agree with all aspects of the majority's reasons for doing so, I nonetheless agree with the majority's disposition of most of this appeal. I am unable to agree, however, with the disposition of the fourth and fifth assignments of error of cross-appellant Ricart concerning the award of attorney fees based on "bad faith fraud."
 {¶ 76} Attorney fees generally may be awarded only where (1) they are specifically authorized by statute, or (2) where punitive damages are appropriate. Columbus Finance, Inc. v. Howard (1975), 42 Ohio St.2d 178; Galmish v. Cicchini (2000), 90 Ohio St.3d 22, 35. An exception to this general rule has been made in declaratory judgment actions, and an exception involving a form of "bad faith" action, entirely unrelated to the one before us, exists in an insured's action against his or her insurer. Neither of those exceptions applies on the present facts. Likewise, while fees now may be awarded under statute or rule, such as R.C. 2323.51 and Civ.R. 11, based upon the conduct of parties or counsel in connection with the manner in which the litigation itself is conducted, that was not the basis for the award of fees here. Indeed, there was no claim for fees under R.C. 2323.51 or Civ.R. 11. Moreover, although the Consumer Sales Practices Act provides for a statutory award of attorney fees, the trial court in the present case specifically removed that possibility when it declined to allow Ms. Duty's CSPA claim to go to the jury. We are thus left to consider whether fees could be awarded under the fraud claim upon which the jury found in favor of Ms. Duty.
 {¶ 77} For punitive damages to be awarded in connection with a fraud claim, the plaintiff must show that the fraud was aggravated by the existence of malice, or that the wrongdoing was "particularly gross or egregious." Charles R. Combs Trucking, Inc. v. International Harvester Co. (1984), 12 Ohio St.3d 241, 245, quoting Logsdon v. Graham Ford Co. (1978), 54 Ohio St.2d 336, 340. Perhaps because "bad faith" is essentially inherent to fraud, Ms. Duty has pointed to no authority, and we have found none, that "bad faith fraud" exists as an aggravated form of fraud and gives rise to an award of attorney fees. Those cases cited by Ricart which mention bad faith in connection with an award of fees, e.g. Oakwood v. Makar (1983), 11 Ohio App.3d 46, predate the enactment of R.C. 2323.51 and appear to aggregate bad faith in the conduct of litigation with the facts giving rise to the underlying cause of action.
 {¶ 78} I agree that the record contains sufficient evidence to permit the jury to consider whether Ricart acted with malice or whether Ricart's conduct was particularly gross or egregious, and thus also to consider an award of punitive damages. However, once the trial court removed those issues from the jury's consideration, an award of attorney fees based on the fraud claim was no longer appropriate.
 {¶ 79} Because I concur in the majority's disposition of Ms. Duty's first and second assignments of error, it may well be that an award of attorney fees will become appropriate in this case based upon either a finding of malice and a consequent award of punitive damages, or upon a statutory award of fees under the CSPA. However, in the present posture of the case, I would sustain Ricart's fourth and fifth assignments of error and reverse the grant of attorney fees that was based on the jury's verdict.