■ CONSTANCE CARROLL, Respondent, and ALFRED EVANS, Respondent-Appellant, v. HERBERT HARRIS et al., Appellants-Respondents.— In consolidated negligence actions to recover damages for personal injury, arising out of a collision between an automobile and a truck, the automobile being owned and operated by the plaintiff Evans and the plaintiff Carroll being a passenger therein, and the truck, owned by the defendant Village of Westbury, being operated by the defendant Harris, the parties cross-appeal as follows: (1) The plaintiff Evans appeals from: (a) a judgment of the Supreme Court, Nassau County, entered March 14, 1963 after trial, upon a jury's verdict in favor of the defendants; and (b) from an order of said court entered May 2, 1963, which denied said plaintiff's motion to set aside the verdict. (2) The defendants appeal from an order of said court, entered February 21, 1963, which granted the motion of the plaintiff Carroll to set aside the verdict in favor of the defendants against her (Carroll); severed the action between her and said defendants, and directed a new trial of such action. On appeal by plaintiff Evans: Judgment as against said plaintiff and order of May 2, 1963 denying his motion for a new trial, reversed on the law, motion granted, and new trial ordered, with costs to abide the event. No questions of fact were considered. On appeal by the defendants: Order of February 21, 1963 setting aside the verdict in defendants' favor against the plaintiff Carroll, severing the action as to said plaintiff and the defendants, and directing a new trial between them, modified on the law and the facts as follows: (1) by striking out the provisions severing the action and directing a new trial limited to the said plaintiff and the defendants; and (2) by substituting therefor a provision directing a new trial of the consolidated actions as between all the parties. As so modified, said order is affirmed, with costs

to plaintiff Carroll payable by the defendants. Although former section 56 of the Vehicle and Traffic Law (now § 1180) was still in effect at the time of the occurrence of the accident on November 14, 1957 (see Vehicle and Traffic Law, §§ 2014, 2015), it was reversible error for the trial court, in its charge to the jury, to invoke subdivision 1 of that section as a basis for finding either negligence or contributory negligence on the part of the drivers of the respective vehicles, since prior to the trial such section had been declared to be unconstitutional (*People* v. *Firth,* 3 N Y 2d 472; *Sandola* v. *Pearlman,* 16 A D 2d 965; *Armondi* v. *Johnson,* 16 A D 2d 712; *Thomas* v. *Central Greyhound Lines,* 6 A D 2d 649). Moreover, where as here, "the issue of liability is a close one, the plaintiff will be afforded a new trial in the interests of justice on the sole ground of erroneous instructions to the jury, even though no exception was taken" (*Martinez* v. *Adelphi Hosp.,* 21 A D 2d 675; *Bulat* v. *O'Brien,* 13 A D 2d 904; *Molnar* v. *Slattery Contr. Co.,* 8 A D 2d 95; *Peerless Cas. Co.* v. *Bordi,* 6 A D 2d 21.) The decision in *Kaskoff* v. *Anderson* (18 A D 2d 192, affd. 13 N Y 2d 911), cited by defendants, does not compel a contrary holding. With respect to the appeal from the order granting the motion of the plaintiff Carroll to set aside the verdict as against her and directing a new trial, we are of the opinion, in view of our conclusion as to the prejudicial effect of the erroneous charge, that the interests of justice similarly dictate a new trial as to her. In our opinion, the record here presents prejudicial error which, in the exercise of discretion, requires a new trial as to all the parties. Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.