■ HELEN KARNBACH, as Administratrix of the Estate of GARY KARNBACH, Deceased, Respondent-Appellant, v. BERNARD W. BOULD, Appellant-

Respondent. (Action No. 1.) HELEN KARNBACH, as Administratrix of the Estate of GARY KARNBACH, Deceased, Respondent-Appellant, v. INCORPORATED VILLAGE OF OLD WESTBURY, Appellant-Respondent. (Action No. 2.) — In a consolidated negligence action to recover damages for wrongful death and conscious pain and suffering, the defendants appeal from a judgment of the Supreme Court, Nassau County, entered July 13, 1964 after trial upon a jury's verdict, as amended and resettled by an order entered August 25, 1964, in plaintiff's favor, for $25,000 plus interest for the wrongful death, and $10,000 (without interest) for the pain and suffering; and the plaintiff cross-appeals, as limited by her brief, from the court's decision which reduced from $35,000 to $25,000 the jury's verdict for the wrongful death, and from so much of the amended judgment as directed recovery accordingly, instead of a recovery in the amount awarded by the jury. Amended judgment reversed on the law, and a new trial granted, with costs to abide the event. The findings of fact made in the court below are affirmed. Appeal from decision dismissed, without costs; no appeal lies from a decision. In our opinion, it was reversible error for the trial court, in its charge to the jury, to invoke former section 56 of the Vehicle and Traffic Law (now § 1180) as a basis for finding negligence on the part of the defendants, since, prior to the date of the accident in question, such section had been declared to be unconstitutional (*People* v. *Firth*, 3 N Y 2d 472, 474). In that case (involving a traffic infraction) the Court of Appeals held that the language of the statute was "too vague and indefinite to constitute a sufficient definition of criminal conduct and that it contains no sufficient standard by which a driver's conduct may be tested." Since the decision in the *Firth* case, it has consistently been held to be reversible error to charge that section and make it a predicate of a civil action for damages (*Sandola* v. *Pearlman*, 16 A D 2d 965; *Armondi* v. *Johnson*, 16 A D 2d 712; *Thomas* v. *Central Greyhound Lines*, 6 A D 2d 649). Moreover, where as here, the issue of liability is a close one, the defendants should be afforded a new trial, even though no exception was taken by defendants to the erroneous charge and even though the issue as to the charge was not raised by them on this appeal (cf. *Carroll* v. *Harris*, 23 A D 2d 582). The record here presents errors of law which we believe to be so prejudicial and substantial as to require a new trial in the interests of justice. Were it not for such errors of law, however, we would have affirmd the judgment on the facts. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.