■ RICHARD CAPUTO, Respondent-Appellant, v JESSE M. FRANKEL et al., Defendants; NATHAN RABINER et al., Appellants-Respondents, and MAIMONIDES HOSPITAL OF BROOKLYN, Respondent. — In a medical malpractice action, defendants Dr. Nathan Rabiner and the Flatbush Medical Group, of which Dr. Rabiner had been a partner, appeal from so much of a judgment of the Supreme Court, Kings County (Schulman, J.), entered November 6, 1980, as is (1) in favor of plaintiff and against them in the principal amount of $1,500,000, and (2) in favor of defendant Maimonides Hospital of Brooklyn and against the plaintiff. Plaintiff cross-appeals from so much of the same judgment as (1) is in favor of defendant Maimonides Hospital and (2) awarded him allegedly inadequate damages. Judgment reversed insofar as appealed from, on the law, and a new trial granted, with costs to abide the event. Plaintiff, almost 23 years old at the time of trial, seeks damages for having been born with cerebral palsy, a condition which he alleges was caused by the malpractice of defendants during his delivery. Defendant Dr. Rabiner was plaintiff's mother's obstetrician; at the time of the birth, he was a partner in the Flatbush Medical Group, as was defendant Dr. Frankel. The birth was by Caesarian section, performed at defendant Maimonides Hospital. At trial, plaintiff presented several different theories of alleged malpractice, some of which were based solely on the acts or omissions of Dr. Rabiner, and others of which related particularly to the responsibilities of Maimonides Hospital. The trial itself was both long and complex, and included extensive expert testimony on behalf of all sides. Despite the complexity of the trial, however, and contrary to the requests of the parties, the trial court gave the jury only the most general of malpractice charges. The court did not explain to the jury plaintiff's several theories of liability as they related to the various defendants, did not indicate the acts for which a particular defendant would be liable, and did not marshal the evidence in general, albeit the parties stipulated that the court was not required to do so. Instead, the "special findings" submitted to the jury on the issue of liability required only that the jury indicate, as to each defendant, whether a departure from accepted medical practice had been found, and by what vote. A verdict was returned against Dr. Rabiner alone, and in favor of defendants Frankel and Maimonides as against plaintiff. The judgment must be reversed insofar as appealed from and a new trial had, as it is impossible to determine whether the verdict against Rabiner is properly based. A general verdict in favor of a plaintiff can stand only if all of the theories of liability submitted to the jury are sustained by the evidence (*Davis v Caldwell,* 54 NY2d 176, 178; *O'Boyle v Avis Rent-A-Car System,* 78 AD2d 431, 437-438; *Killeen v Reinhardt,* 71 AD2d 851, 853). Without expressing an opinion on the issue of whether all of the theories of liability asserted by this plaintiff were supported by the evidence, it is clear that there were certain theories which may not have been applicable to Rabiner at all, and certain acts for which he may not have been responsible. For example, there was testimony that plaintiff's condition had been caused by a deprivation of oxygen to the fetus, which could have occurred when his mother went into shock following the administration of spinal anesthesia by the anesthetist prior to the performance of the Caesarian section. Other evidence indicated that a deprivation of oxygen may have occurred during efforts to resuscitate the newborn, cyanotic plaintiff, who did not breathe on his own for 20 to 30 minutes after his birth. However, because the liability

theories, and the defendants against whom they were directed, were never spelled out in the charge, and because the jury was not required to indicate which theories it accepted or rejected, it is unknown if the verdict against Rabiner was in fact based upon acts for which he would be responsible, and excluded the possibilities mentioned above (see *O'Boyle v Avis Rent-A-Car System, supra,* p 438). In a case as this, where the error was in the charge and the issue of liability is a close one, a reversal and a new trial must be ordered as to all defendants involved, as the error infected the verdict as a whole (see, e.g., *Carroll v Harris,* 23 AD2d 582, 583; *Karnbach v Bould,* 24 AD2d 600; cf. *Cregar v McDonald,* 28 AD2d 1142). Bracken, J.P., Niehoff, Rubin and Boyers, JJ., concur.