■ EVAN ROSSIGNOL, Respondent, v EDWARD T. SILVERNAIL et al., Appellants, et al., Defendant.—Mahoney, P. J. Appeal from an amended judgment of the Supreme Court (Cobb, J.), entered July 20, 1987 in Columbia County, upon a verdict rendered in favor of plaintiff.

Plaintiff commenced this action for damages alleging, *inter alia,* that he was defamed by defendants' statements to State and Columbia County officials and his employers concerning claims of sexual and physical abuse of defendant Edward T. Silvernail's children and diversion of drugs from plaintiff's place of employment. Subsequent investigations revealed no basis to sustain any of the claims.

Plaintiff is a State-licensed pharmacist who, at the pertinent times herein, was employed at the Adventist Nursing Home in the Town of Livingston, Columbia County, and became involved with Edward's wife. The other defendants are Edward's parents, Evelyn and Thomas Silvernail. Plaintiff asserts one cause of action for libel resulting from Evelyn Silvernail's letter dated November 17, 1982 to Merlyn Kretschmar, apparently an official of the Adventists with ultimate responsibility for the nursing home. He also alleges five causes of action for slander for statements by defendants to the State Office of Professional Discipline, the State and Columbia County Social Services Departments, the State Child Protection Agency and his supervisor at the nursing home.

After trial, Supreme Court determined as a matter of law that plaintiff had sustained his libel cause of action but left several other issues on the slander causes of action for the jury to resolve and submitted interrogatories on these matters. The jury answered the questions, finding liability, awarding $15,000 compensatory and $10,000 punitive damages, and apportioning responsibility at 70% for Evelyn Silvernail and 30% for Edward Silvernail. After a motion to set aside the verdict was denied and judgment, which was amended, was entered, Evelyn and Edward Silvernail (hereinafter defendants) appealed.

Defendants challenge the verdict on several grounds. With regard to the libel cause of action, defendants claim, *inter alia*, that there was no proof of publication so that Supreme Court erred in determining that plaintiff was libeled as a matter of law and charging the jury accordingly. Although defendants failed to object to the court's charge, this alleged error of law is manifest and could have affected the jury's consideration of the other defamation issues so that our review in the interest of justice is appropriate *(see,* 4 NY Jur 2d, Appellate Review, § 122, at 194-195).

It has long been settled that "[i]n the law of defamation, publication is a term of art" *(Ostrowe v Lee,* 256 NY 36, 38), requiring that the libelous words become known to someone other than the author and victim *(Youmans v Smith,* 153 NY 214, 218). In this case, plaintiff's allegation of libel is bottomed on the November 17, 1982 letter to Kretschmar. But there is no proof that Kretschmar ever read the letter. In the absence of this evidence, there can be no libel as alleged *(see,* 44 NY Jur 2d, Defamation and Privacy, § 53, at 16; Prosser and Keeton, Torts § 113, at 798 [5th ed]) so that Supreme Court erred in concluding and charging the jury otherwise. Plain-

tiff's attempt to establish publication by Evelyn Silvernail's reading of the letter to the other defendants is without merit for those parties shared a common interest with the alleged defamer *(see, Romer v Portnick,* 78 Misc 2d 404, 405-406). Furthermore, contrary to plaintiff's contention, all defendants admitted in their answer no more than that a letter was written by Evelyn Silvernail to Kretschmar, which does not prove publication as required. Plaintiff's further contention that the letter must be presumed to have been received because there was evidence that it was sent begs the question of whether the letter was read as required for publication. There is simply no evidence of such.

This error requires a new trial against defendants on the remaining defamation causes of action. The verdict was general, without apportionment among the several causes of action, and cannot be considered valid upon reversal of one of the causes of action supporting it for "[a] general verdict in favor of a plaintiff can stand only if all of the theories of liability submitted to the jury are sustained by the evidence" *(Caputo v Frankel,* 89 AD2d 595; *see, Davis v Caldwell,* 54 NY2d 176, 178). Since all theories underlying the general verdict have not been sustained, a new trial is appropriate *(see, Schildhaus v City of New York,* 23 AD2d 409, 411-412, *affd* 17 NY2d 853, *cert denied* 385 US 906). This determination makes it unnecessary for us to address the other points raised.

Amended judgment reversed, as a matter of discretion in the interest of justice, without costs, fourth cause of action dismissed and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.