436

CHRISTOPHER G. GOODE et al., Appellants, v MAUREEN A. MEYN et al., Respondents.

Third Department, April 4, 1991

## APPEARANCES OF COUNSEL

*O'Hara & Augello (Thomas N. O'Hara* of counsel), for appellants.

*Goldblum & DiCicco (Robert Markewich* of counsel), for Maureen A. Meyn and another, respondents.

*Maynard, O'Connor & Smith (Christine Kirwin Krackeler* of counsel), for Rhinebeck Central School District, respondent.

## OPINION OF THE COURT

Per Curiam.

Plaintiff Christopher G. Goode (hereinafter plaintiff) was injured on December 3, 1986 at about 6:00 P.M. when he was struck by an automobile driven by defendant Maureen A. Meyn while standing on the roadway of State Route 308 in the Town of Rhinebeck, Dutchess County. The sequence of events leading to the accident was undisputed at the trial. Shortly before the accident, an empty school bus owned by defendant Rhinebeck Central School District (hereinafter the School District) and driven by defendant Richard Osterhoudt in a westerly direction on Route 308 struck two deer. Osterhoudt pulled the bus partially off the highway, parked and turned on his flashing lights. He did not, however, place on the highway to the rear of the bus 1 of the 3 red reflector triangles stored on the bus next to the driver's seat. Plaintiff was also proceeding in a westerly direction on Route 308 when he came upon the scene and observed the bodies of the deer on the highway. He parked behind the bus in order to assist Osterhoudt with the removal of the deer carcasses obstructing the road. Plaintiff and Osterhoudt successfully removed the body of the deer nearest the bus. They walked easterly on the highway to the farther deer. As plaintiff prepared to pick the deer up, he noticed that it was still alive.

While his attention was thus focused on the deer, he was hit by the Meyn vehicle, also proceeding westerly on Route 308.

At the trial, Meyn testified that she had just negotiated a curve in the area of the roadway where the Town garage was located when she first observed the rear lights of what she recognized was a large vehicle, a bus or a truck, but could not tell whether it was moving or stopped. The highway was straight and up a hill for about the next 200 feet to the crest of the hill. Meyn testified that the lights of the large vehicle remained in view as she proceeded along this section of the highway. However, she saw no other object in the road because she was blinded by the glare of headlights of vehicles coming from the opposite direction, until she saw plaintiff and the deer just momentarily before the impact with plaintiff at the crest. The case was submitted to the jury by means of a verdict sheet in which, as to each defendant, the issues of negligence and proximate cause were addressed in separate questions. The jury returned a verdict in favor of all defendants on findings that neither Osterhoudt nor Meyn were negligent. Plaintiff appeals from the judgment entered thereon.

■ The jury's finding of no negligence on the part of Osterhoudt and the School District is clearly against the weight of the evidence. The uncontradicted evidence established that Osterhoudt failed to place the triangle reflectors to the front and rear of the stopped school bus. In failing to do so after parking the 66-passenger omnibus on a public highway (not for the purpose of taking on or discharging passengers) under the circumstances and at the time in question, Osterhoudt plainly violated Vehicle and Traffic Law § 375 (17). Such a violation constituted negligence in and of itself, and could not be disregarded by the jury (see, McConnell v Nabozny, 110 AD2d 1060; 1 NY PJI 2:25, 2:26, at 156-157 [2d ed ]). We note that, although Supreme Court correctly charged that a statutory violation constitutes negligence in its general instructions to the jury at the close of the proof, it erroneously told the jury, in response to a subsequent question specifically addressed to the legal effect of the failure to place out reflectors, that it was merely "evidence of negligence" (see, McConnell v Nabozny, supra). In view of the verdict, we cannot conclude that the error was harmless. Plaintiff is therefore entitled to a new trial against the School District and Osterhoudt.

We reach a different conclusion as to the verdict in favor of Meyn. Plaintiff was struck by the Meyn vehicle while he was

in the middle of a darkened highway with Osterhoudt attempting to remove one of the two deer that had been hit by the school bus. The testimony of Meyn revealed that she approached the scene in a westerly direction; she began to slow her car because she saw the lights of the school bus ahead, but because her vision was impaired by oncoming headlights she did not see plaintiff or the deer in the highway, until it was too late to avoid them. Based on these circumstances, Supreme Court charged the jury that if Meyn was faced with an emergency and acted as a reasonably prudent person would have acted, she could be found not negligent. However, if the situation facing Meyn was not sudden and should reasonably have been foreseen, or was created or contributed to by her own negligence, or she responded to the emergency in a manner that was not reasonably prudent, the jury could find her negligent. No exception was taken to this charge, and the jury absolved Meyn of any negligence by a vote of 5 to 1.

■ Based upon the evidence outlined above, the jury could reasonably find that Meyn acted in a reasonably prudent manner as she approached the lights of the stopped school bus and that her inability to see the deer or plaintiff in the roadway behind the bus was not the result of any negligence on her part. When plaintiff and the deer were no longer obscured from Meyn's view by the glare from oncoming lights, she was faced with an emergency situation, and the jury could and obviously did find that she was not negligent in the operation of her vehicle in response to the emergency situation. In these circumstances Supreme Court properly charged the emergency doctrine and the verdict in favor of Meyn should be sustained (see, Malatesta v Hopf, 163 AD2d 651, affd 77 NY2d 828; see also, Rivera v New York City Tr. Auth., 77 NY2d 322).

LEVINE, J. (concurring in part and dissenting in part). In addition to reversing and remitting as to defendants Richard Osterhoudt and Rhinebeck Central School District, we would also reverse and grant a new trial as to defendant Maureen A. Meyn. In charging the emergency doctrine with respect to Meyn's operation of the vehicle that struck plaintiff Christopher G. Goode (hereinafter plaintiff), Supreme Court failed to differentiate between her conduct before and after she first saw plaintiff and the deer on the highway in front of her. Although we would agree with the majority that Meyn may

have been faced with an emergency once she finally saw plaintiff a split second before impact, the best case against her, and that emphasized by plaintiff during the entire trial, was her failure to have observed plaintiff early enough to bring her vehicle to a stop or otherwise avoid hitting plaintiff before the emergency situation set in.

As the majority notes, Meyn's testimony was that she first saw the lights of the school bus when she was at a point established to be about 200 feet from the crest of the hill, and she continued to proceed up the hill although blinded by the headlights of cars coming in the opposite direction. Supreme Court's submission of the emergency doctrine in its charge invited the jury to apply a less rigorous standard of care to Meyn's conduct in continuing to proceed toward the parked school bus at least several hundred feet away while blinded by headlights. The presence of a parked vehicle on the highway a substantial distance in front of her and the glare of headlights from oncoming vehicles were not emergencies, however. They were conditions normally to be anticipated as common occurrences in driving at night on a two-lane highway. There is nothing whatsoever in the record to suggest that Meyn was responding to any emergency in continuing to proceed under those conditions. Accordingly, she was not entitled to the benefit of the emergency doctrine with respect to those conditions and the jury should have been so instructed (see, McCarthy v Miller, 139 AD2d 500, 501; Hardy v Sicuranza, 133 AD2d 138, 139; Avila v Mellen, 131 AD2d 408, 409; Kowchefski v Urbanowicz, 102 AD2d 863). Instead, the court in its charge included the glare of headlights as part of the emergency situation Meyn faced. In view of the jury's disregard of the substantial evidence of Meyn's negligence, we believe that this erroneous instruction requires reversal in the interest of justice despite the absence of any exception taken thereto (see, Carroll v Harris, 23 AD2d 582, 583; Martinez v Adelphi Hosp., 21 AD2d 675).

CASEY, J. P. (concurring in part and dissenting in part). I agree that the verdict in favor of defendant Maureen A. Meyn should be sustained, since Supreme Court correctly charged the emergency doctrine. As to defendants Richard Osterhoudt and Rhinebeck Central School District, it is my view that the jury's verdict in their favor should also be sustained.

The school bus, which had been traveling westerly, was pulled ahead after it struck the deer and was stopped by its

driver, Osterhoudt, partially on the highway with its four-way flashers on. The vehicle of plaintiff Christopher G. Goode (hereinafter plaintiff), with no lights on, was parked behind the bus. The bus was not involved in any way in the accident involving plaintiff. The deer that plaintiff was attempting to remove from the highway when he was struck was at least 60 to 70 feet behind the bus, according to one witness, and 220 to 250 feet behind the bus, according to another. The bus driver did not place a reflector on the highway to the rear of the bus, as required by Vehicle and Traffic Law § 375 (17).

I agree with the majority that the violation of the Vehicle and Traffic Law constituted negligence as a matter of law, but in the factual pattern outlined above, proximate cause flowing from the statutory violation cannot be found as a matter of law. In the relevant circumstances prescribed by section 375 (17), at least one reflector is required to be placed at least 100 feet to the rear of the stopped school bus. The obvious purpose of requiring placement of a reflector at least 100 feet to the rear of the bus is to warn oncoming traffic of the presence of the stopped bus. The failure of Osterhoudt to so place a reflector in this case could not have contributed to plaintiff's accident. No proof was offered that a reflector placed at least 100 feet behind the school bus would have prevented or even affected the emergency situation that resulted in the Meyn vehicle striking plaintiff. Meyn's vision was obscured by the glare of oncoming lights. Despite the absence of the statutorily required reflector, Meyn was slowing her vehicle because she saw the lights on the bus. Only by pure speculation could the jury conclude that a reflector placed at least 100 feet behind the bus would have caused Meyn to observe plaintiff, who was out in the highway at least 60 feet behind the bus, in time to stop or avoid him despite the glare of oncoming lights. In the absence of any evidence that the failure to place the statutorily required reflector behind the bus caused or contributed to the accident, there can be no liability based upon the violation of Vehicle and Traffic Law § 375 (17).

YESAWICH, JR., and MERCURE, JJ., concur in a Per Curiam opinion; LEVINE AND MIKOLL, JJ., concur as to defendants Richard Osterhoudt and Rhinebeck Central School District but dissent as to defendant Maureen A. Meyn in an opinion by LEVINE, J.; CASEY, J. P., concurs as to defendant Maureen A. Meyn but dissents as to defendants Richard Osterhoudt and Rhinebeck Central School District in a separate opinion.

Judgment modified, on the law and the facts, without costs,

by reversing so much thereof as dismissed plaintiffs' complaint against defendants Rhinebeck Central School District and Richard Osterhoudt, and by deleting the third decretal paragraph; matter remitted to the Supreme Court for a new trial as to defendants Rhinebeck Central School District and Richard Osterhoudt; and, as so modified, affirmed.